TERRELL, Acting Chief Justice.
The amended complaint in this cause prayed for damages, punitive and compensatory, against appellees for the wrongful death of appellant’s daughter, June Richter, at the time she was a student in the public schools of Dade County. Appellees filed their answer denying liability as matter of law and moved to dismiss. Appellees then moved for summary judgment supported by appropriate affidavits. Appellant also submitted affidavits. At final hearing the motion for summary judgment was granted as to appellees but it was denied as to defendant Nancy Shuback, who is at present the sole defendant in the cause. Rehearing was denied and plaintiff Richter appealed from the order granting summary judgment.
The only point for determination is whether or not the Board of Public Instruction of Dade County is liable in damages for the alleged tortuous death of appellant’s daughter who was enrolled as a pupil in the public schools of said county at the time of her death.
A question in point was thoroughly considered and answered in the negative in Bragg v. Board of Public Instruction of Duval County, 160 Fla. 590, 36 So.2d 222. This case approves the rule followed in every state throughout the country where provision has not been made by statute or otherwise for such suits. In view of Sections 9 and 13, Article XII of the Constitution, F.S.A., it is questionable whether or not such provision could be made without amending the Constitution. We have examined the cases cited by appellant in his zeal to show that the rule is otherwise, but we think they have no application to this case.
The complaint appears void of any general or specific act of negligence on the part of others named as defendants. It is not alleged that .the proximate cause of the death complained of was due to the negligence of the other named defendants.
The judgment appealed from is therefore affirmed.
Affirmed.
HOBSON and THORNAL, JJ., and LOPEZ, Associate Justice, concur.