PER CURIAM.
Plaintiffs have appealed a final judgment dismissing their third amended complaint on the ground that it fails to state a cause of action or claim upon- which relief may be granted. The sole question presented for our determination is whether the facts alleged in the complaint are sufficient in law to authorize the relief prayed.
A careful examination of the complaint filed by appellants as a suit at law reveals that the cause of action alleged therein sounds in tort and seeks only a money judgment for damages allegedly suffered by appellants to riparian property owned by them as a result of the manner in which appellee State Road Department of Florida operates its ferry boat at Mayport in Jacksonville. The prayer for relief contained in the complaint consists of only one sentence, to wit: “Wherefore, plaintiffs sue defendant in excess of Six Hundred and no/100 ($600.00) Dollars, and demand trial of this cause by a jury.”
The State Road Department is an agencyof the State of Florida and exercises attributes of sovereignty. The statute creating the Department -provides that no suit sounding in tort shall be maintained against the Department.[1] It is fundamental that a sovereign state may not be sued without its consent, and a suit against the State Road Department is in effect a suit *627 against the State of Florida.[2] In view of the fact that the appellee State Road Department is immune from tort liability, the complaint fails to allege a cause of action on which relief may be granted. For this reason the complaint was properly,dismissed.
By their briefs filed on this appeal, counsel for both parties importune this Court to consider the dismissed complaint as if it had been filed in chancery seeking injunctive relief with incidental damages or, in- the. alternative, for an order of inverse condemnation. The trial court might have so considered the complaint upon the stipulation of the parties, but that is a function which an appellate court is precluded from performing. Our sole function is to decide whether, on the record before us, the trial court committed reversible error. For this reason we specifically decline to express any view as to the sufficiency of the allegations contained in the complaint to justify either injunctive relief accompanied by a judgment for incidental damages, or for an order of inverse condemnation. We wish to make it clear, however, that this decision of affirmance is without prejudice to the right of appellants to institute in the trial court a proper action seeking the relief they ask of this court, if they are so advised. The judgment appealed is affirmed.
RAWLS, C. J., and STURGIS and WIGGINTON, JJ., concur.

. Section 337.19, F.S.A.
“Suits by and against department; limitation of actions; forum
“(1) Suits at law and in equity may be brought and maintained by and against the department on any claim under contract for work done; provided, that no suit sounding in tort shall be maintained against the department.”

. Seaside Properties, Inc. v. State Road Department. (Fla.App.1960) 121 So.2d 204.