SHANNON, Acting Chief Judge.
The appellant-plaintiff filed his complaint in tort wherein he alleged that the plaintiff was a prisoner and as such was under the lawful custody, control and supervision of the State Road Department, and further alleged that he was seriously injured by the operation of a motor vehicle owned by the State Road Department. The answer of the appellee stated in part that in the absence of a statute authorizing this action the court lacked jurisdiction of the subject matter. On the defendant’s motion for judgment on the pleadings the lower court entered final judgment.
The question involved is whether or not a prisoner can maintain an action against the State of Florida when injured by a motor vehicle owned by the State of Florida which negligently caused the injury, and the motor vehicle was insured as the same is prescribed by Fla.Stat., Sec. 455.06, F.S.A.
Fla.Stat., Sec. 455.06, F.S.A., provides, in part:
“In consideration of the premium at which such insurance may be written, it shall be a part of any insurance contract providing said coverage that the insurer shall not be entitled to the benefit of the defense of governmental immunity of any such political subdivisions of the state in any suit instituted against any such political subdivision as herein provided, or in any suit brought against the insurer to enforce collection under such an insurance contract; * *
The appellant cites Willingham v. King, 1887, 23 Fla. 478, 2 So. 851, that:
“A person imprisoned in the penitentiary for life is not civilly dead, and *824 may sue in his own name, and it is improper to join another as prochein ami a party complainant.”
Regardless of this citation, there is no statute in Florida which permits a tort action by a prisoner against the sovereign state, and hence, there being no statute, the action is not available. Alliance Company v. State Hospital at Butner, 1955, 241 N.C. 329, 85 S.E.2d 386, has held that a prisoner is not an employee of the State and hence there is no contractual relationship. The rationale of the Alliance case is supported by Shuey v. State of Michigan, Mich.1952, 106 F.Supp. 32, which involved a prisoner who attempted to bring a civil suit against the State of Michigan. It was there stated:
“It is elementary that the State is a sovereign and cannot be sued without its consent. If such immunity from suit is waived suit must be brought under terms and conditions specified in such consent or in the waiver of its immunity from suit or liability. Besides, it appears that in the prosecution and imprisonment of the plaintiff in the state penal institution, the State was acting in its sovereign and governmental capacity, as distinguished from any proprietary or business function.”
The cases are almost legion in holding that the doctrine of respondeat superior does not apply to the state when it is exercising a governmental function. Kraft Foods Co. v. Walther Dairy Products, Wisc.1954, 118 F.Supp. 1.
The precise point that we have here was determined adversely to the appellant in Jones v. Scofield Brothers, Md.1947, 73 F.Supp. 395. In this case there was an injury on a ferry boat operated by the State Roads Commission of Maryland and the State of Maryland had adopted a statute permitting the purchase of liability insurance very similar to our Florida statute. In the opinion in that case it was stated:
“The possible existence of indemnifying insurance is not sufficient to show that the State Roads Commission is provided with funds in this case available for the payment of any judgment against it. The latter fact may or may not be true according to the particular provisions of the policy, and the solvency of the insurer, and the exercise of the option by the State Roads Commission with respect to the waiver of immunity in this case. The effect of indemnifying insurance taken out by State agencies or eleemosynary corporations not otherwise liable in tort suits, has been discussed in some cases. The generally prevailing view seems to be that its mere existence is not sufficient to create liability in tort unless the legislative enactments create the agency or corporation considered as a whole, lead to the conclusion that it was the intention of the Legislature to impose such liability on the agency or corporation.”
Under the keynote heading of “States, ^112,” in the West Digest system, this point is digested, and from studying the same we find it is there determined that more than twenty states have passed upon the question of governmental immunity and all hold that in the absence of a statute permitting a suit in tort, no such suit can be brought. In Fla.Stat., Sec. 455.06, F.S.A., it can be seen that no wording of this statute authorizes any such suit and hence the plaintiff is not entitled to sue the State of Florida in tort.
Affirmed.
PIERCE, J., and MAXWELL, OLIVER C., Associate Judge, concur.