QUESTIONS:
1. Is the House Of Representatives legally required to pay for damage to parked automobiles caused by defects in the parking garage assigned to the House of Representatives?
2. Is the state legally required to pay for damages to parked automobiles occasioned by the acts of third parties, such as theft, fire, or vandalism, or the negligent or intentional torts of state employees?
SUMMARY:
In the absence of general law waiving the sovereign immunity of the state from suit, the state is not legally required to pay for damages to automobiles occurring while they are parked in a legislative parking garage.
It is well settled that a state and its agencies cannot be sued unless consent for such suit has been given by general law. Southern Drainage Dist. v. State, 112 So. 561 (Fla. 1927); Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959). Accord: Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968), striking down a special law authorizing a county to take out general liability insurance and waive governmental immunity. Also see Valdez v. State Road Department, 189 So.2d 823 (2 D.C.A. Fla., 1966). In accordance with this rule, it has been held by one of my predecessors in office that the state and its agencies are not liable for injury to persons or property occupying its or their premises either gratuitously or for compensation. Attorney General Opinion 050-440, Biennial Report of the Attorney General, 1949-1950, p. 474. Accord: Attorney General Opinion 058-99 (State Board of Control); AGO 060-81 (Board of Commissioners of State Institutions); AGO 061-183 (State Board of Medical Examiners); Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958); State ex rel. Florida Dry Cleaning and Laundry Board v. Atkinson, 188 So. 834 (Fla. 1939).
Under Art. X, s. 13, State Const., provision may be made by general law "for bringing suit against the state as to all liabilities now existing or hereafter originating." And Ch. 73-313, Laws of Florida [ss. 768.28-768.30, F.S.], has waived the sovereign immunity of the state, with respect to tort liability, to the extent specified in the act, effective January 1, 1975. However, I know of no other law presently in effect that waives the sovereign immunity of the state or its agencies from suit.
No question is presented and no opinion is expressed as to whether, under s. 455.06, F.S., the appropriate state agency could provide insurance coverage for damages resulting from the negligence of its employees or from defects in the parking garage for which it would be legally responsible under applicable principles of law in the absence of its sovereign immunity.