QUESTIONS:
1. If a visitor to a correctional institution is accidentally injured, should first aid be administered by one of our employees if available, or should the person be referred to local medical facilities?
2. Does the Division of Corrections have any financial responsibility for costs incurred as a result of visitor accidents and subsequent medical care?
SUMMARY:
In the event that employees of the Division of Corrections render emergency care in a reasonably prudent manner to a visitor injured on institutional grounds, they are immune from civil liability where treatment is provided outside of a hospital, doctor's office, or other place having proper medical equipment and without objection by the injured victim. As a state agency, the Division of Corrections is immune from civil liability for such injuries.
In response to your first question, it should be noted that the Division of Corrections has no legal duty to provide such care; however, s. 768.13, F.S., the Good Samaritan Act, provides immunity to any person, including members of your medical staff, who gratuitously and in good faith renders emergency treatment at the scene of any emergency outside of a hospital, doctor's office, or other place having proper medical equipment, without objection of the injured victim thereof.
Accordingly, if emergency treatment is administered by one of your employees, immunity attaches provided the following conditions are met: Such treatment is rendered outside of a hospital, doctor's office, or other place having proper medical equipment; such treatment is provided without objection of the injured party; and such treatment is administered in good faith in a reasonably prudent manner.
If the scene of the emergency is outside of a place having proper medical equipment, the first condition for immunity is met. More specifically, the mere presence of medical facilities on the premises of a correctional institution does not confer upon the institution as a whole the status of "other place having proper medical equipment," though the medical facility itself is such a place. Therefore, it appears that even where a correctional institution has medical facilities on the grounds, immunity extends to treatment at the scene of an emergency which occurs outside such facilities.
Your second question is answered in the negative.
As a state agency, the Florida Division of Corrections is immune from civil liability. Valdez v. State Road Department,189 So.2d 823 (2 D.C.A. Fla., 1966); Pereira v. State Road Department,178 So.2d 626 (1 D.C.A. Fla., 1965); AGO's 061-183, 060-81, 059-31, and 058-99.