QUESTION: Does a school board have statutory authority to contract with a parochial school for the bus transportation of children attending said parochial school if all costs, including such items as gas, depreciation, driver's salary, etc., of transporting the parochial students are paid by the parochial school?
SUMMARY: A school board does not have authority to contract with a parochial school for the bus transportation of children attending said parochial school. School boards, albeit creatures of the Constitution, are part of the machinery of government exercising, pursuant to legislative authority, such part of the governmental powers of the state as the law confides in them and operating at the local level as an agency of the state, and the extent of their powers rests exclusively in legislative discretion. Such powers may be enlarged, diminished, modified, or revoked at the pleasure of the Legislature. Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); Board of Public Instruction v. State ex rel. Allen,219 So.2d 430 (Fla. 1969); AGO 075-148. A school board has no inherent or common law powers. It has only those powers which have been expressly or by necessary implication conferred by statute. If there are any doubts about the existence of authority, it should not be assumed. Hopkins v. Special Road and Bridge District No. 4,74 So. 310 (Fla. 1917); Harvey v. Board of Public Instruction for Sarasota County, 133 So. 868 (Fla. 1931); Buck v. McLean,115 So.2d 764 (1 D.C.A. Fla., 1959); White v. Crandon, 156 So. 303
(Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); Lang v. Walker, 35 So. 78 (Fla. 1903); State ex rel. Hathaway v. Smith, 35 So.2d 650 (Fla. 1948); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900; AGO's 075-148 and 075-94. The Legislature has restricted school board authority to transport pupils to and from public schools by school buses owned or leased and operated by the school board by Ch. 234, F. S., and other express or implicit provisions of the Florida School Code. Subsection 230.23(8), F. S., authorizes school boards to provide "transportation of pupils to the public schools or school activities they are required or expected to attend," to exercise all attendant duties thereto including the provision of limited subsidies in lieu of transportation when such provisions are authorized by state board regulations and are more economical, and to adopt the necessary rules and regulations to insure safety, economy, and efficiency in the operation of school buses as prescribed in Ch. 234, F. S. Subsection 230.33(10), F. S., authorizes school superintendents to ascertain and recommend to the school board the needs, routes, facilities, and plans requisite for the administration or execution of the student transportation system and to recommend such rules and regulations as may be necessary and see that all rules and regulations relating to transportation of pupils approved by the school board, as well as regulations of the state board, are properly carried into effect, as prescribed in Ch. 234. Section 234.01, F. S., mandates school boards to . . . provide transportation for each pupil who should attend a public school when, and only when, transportation is necessary to provide adequate educational facilities and opportunities which otherwise would not be available and to transport pupils whose homes are more than a reasonable walking distance, as defined by regulations of the state board, from the nearest appropriate school. . . . (Emphasis supplied.) The boards are also ordered to maintain liability insurance for injury to pupils legally enrolled in the public schools and while being transported to and from a school or school activity and may purchase additional liability insurance for persons other than such pupils who might use school buses in connection with public school activities. It should be noted that none of the above discussed or cited statutory provisions provide for transportation, by school buses owned or leased or operated by school districts, of anyone except pupils enrolled in the public schools and does not authorize school boards to transport private or parochial students to private or parochial schools. Under the rule of expressio unius est exclusio alterius, the mention of one thing implies the exclusion of all else. Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates v. Snyder,304 So.2d 433 (Fla. 1973). Accord: Attorney General Opinion 075-148. Therefore, it is my opinion that a school board is without statutory authority to contract with a private or parochial school for the bus transportation of private or parochial school students, even though all costs would be borne by the private or parochial school. Your question is answered in the negative.