Joel J. Strawn Attorney for Southeastern Palm Beach County Hospital District Delray Beach
QUESTION:
In light of the amendment to s. 768.28, F. S., by Ch. 77-86, Laws of Florida, is the Southeastern Palm Beach County Hospital District within the definitional purview of s. 768.28, and is any recovery by an intentionally or negligently injured patient in the district's hospital restricted to the monetary limitations on tort liability established by s. 768.28?
SUMMARY:
A legislatively established hospital district is included within the definitional purview of s. 768.28, F. S., as amended. Although the hospital district may not have possessed sovereign immunity prior to the Legislature's waiver of sovereign immunity in s.768.28, the statute now expressly provides that the limitations on liability contained therein are applicable to all state agencies and subdivisions as defined in s. 768.28(2), regardless of whether they possessed sovereign immunity prior to July 1, 1974. Therefore, pending judicial determination to the contrary, the provisions of s. 768.28, as amended, including the monetary limitations on tort liability specified therein, are applicable to the hospital district.
By the enactment of s. 768.28, F. S. (Ch. 73-313, Laws of Florida), as amended by Chs. 74-235 and 77-86, Laws of Florida, the Florida Legislature waived the state's immunity from tort liability to the extent provided therein. See s. 768.28(1) which provides:
 In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of the state, may be prosecuted subject to the limitations specified in this act.
See also s. 768.28(5), as amended, which establishes the monetary limitations on the state's waiver, and s. 768.28(9), which precludes the personal liability of officers, employees, or agents of the state or its subdivisions for their negligent acts or omissions in the scope of their employment unless committed `in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.'
Section 768.28(2), F. S., defines the phrase `state agencies and subdivisions' to include
 . . . the executive departments, the legislative, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities. (Emphasis supplied.)
See also s. 1.01(9), F. S., which generally defines `political subdivision' to include `counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state.' (Emphasis supplied.) In AGO 075-114, I concluded that the Southeastern Palm Beach County Hospital District, established by Ch. 29387, 1953, Laws of Florida, as a special taxing district with all the powers of a body corporate, including the power to establish, construct, lease, operate, and maintain hospitals within the district's boundaries (see ss. 3 and 5, Ch. 29387), is included within the definitional purview of s. 768.28(2). Section 768.28(2) has not been amended since that opinion was rendered; thus, I am of the opinion that the hospital district is still within the definitional purview of s. 768.28(2).
In AGO 075-114, I also concluded that
 with the possible exception of immunity from tort claims of its `charity patients,' the district apparently possessed no aspect of the sovereign immunity of the state upon which the state's waiver of sovereign immunity contained in s. 768.28
could operate.
Thus, it was my opinion that the recovery of a negligently injured paying patient in the district's hospital would not be restricted to the monetary limitations on tort claims established by s.768.28(5) and (10), F. S. My opinion was based in part on the Florida Supreme Court's decision in Suwannee County Hospital Corporation v. Golden, 56 So.2d 911 (Fla. 1952), in which the court stated that the activities of a legislatively established hospital district fall within the category of proprietary rather than governmental function as to those patients who pay for the services. The Suwannee court held that those patients who pay for the expert services they receive are entitled to expect that the services will be free of negligence; they may not be divested of their constitutional right of redress for wrongs by an attempted statutory immunization. See also State v. Sarasota County,74 So.2d 542 (Fla. 1954), and Smith v. Duval Welfare Board,118 So.2d 98 (1 D.C.A. Fla., 1960), in which the holding in Suwannee was limited to paying patients and was not extended to charity patients. Since the hospital neither possessed nor discharged any of the functions of sovereignty with the possible exception of service to charity patients, it possessed no aspect of the state's sovereign immunity and thus was not affected by the state's waiver of immunity contained in s. 768.28. See Buck v. McLean,115 So.2d 764 (1 D.C.A. Fla., 1959), in which the court considered the Supreme Court's decision in Suwannee; if the hospital in Suwannee
had been part of the statewide system maintained at public expense treating all without cost, it `would have been considered a state agency, discharging a governmental purpose, and therefore immune from tort liability just as are counties and county boards of public instruction.' Buck, supra, at 766. The 1977 Florida Legislature amended s. 768.28 to expressly provide in pertinent part that the `limitations of liability set forth in [s.768.28(5)] shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974.'See s. 1, Ch. 77-86, Laws of Florida. In light of the legislative amendment to the provisions of s. 768.28(5) (assuming the constitutionality vel non thereof), it appears that the monetary limitations are now applicable to all state agencies and subdivisions as defined in s. 768.28(2), regardless of whether these agencies and subdivisions possessed the sovereign immunity of the state prior to July 1, 1974. In AGO 077-113, I stated in pertinent part:
 . . . the statements in AGO's 075-114 and 076-41 to the effect that the liability limits of s. 768.28, F. S., do not apply to municipalities and hospital districts [as these bodies possessed no sovereign, immunity and have been held subject to tort liability] no longer obtain, and to that extent, these opinions are hereby modified.
See also AGO 078-33 holding that the monetary limitations on tort liability set forth in s. 768.28 are applicable to a municipal housing authority although that body may not have possessed sovereign immunity prior to the Legislature's waiver of sovereign immunity contained in s. 768.28, as amended. Accordingly, I am of the opinion that the Southeastern Palm Beach Hospital District is within the purview of s. 768.28, as amended, and that, in the absence of a judicial determination to the contrary, the monetary limitations on liability contained therein are applicable to the hospital district.
Prepared by: Joslyn Wilson, Assistant Attorney General