J. W. HARVEY, *Appellant*, vs. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF SARASOTA, State of Florida; R. A. CURRIN, G. H. TURBEVILLE and MRS. W. S. ASHTON, as members of, and constituting the said Board of Public Instruction for the County of Sarasota, State of Florida, *Appellees*.

En Banc.

Opinion filed April 21, 1931.

*C. L. McKaig,* of Sarasota, for Appellant;

*Stephen B. Jennings* and *Paul M. Souder,* of Sarasota, for Appellees.

DAVIS, J.—This is an appeal by J. W. Harvey, complainant below, who was denied an injunction against the Board of Public Instruction of Sarasota County to prohibit such

Board from transferring by deed or otherwise to the United States of America certain school property to be used by the United States for the erection of a United States post office building in the City of Sarasota, except upon a full, fair and adequate consideration, and for the purposes for which the school Board was created.

No special legislative authority for the proposed convey-ance was set up, but the same was proposed to be made under the statutory powers vested by our general law in the Board of Public Instruction to "obtain possession of, accept and hold, under proper title, as a corporation, all property possessed, acquired or held by the county for educational purposes, and to manage and *dispose* of same for the best interests of education." Section 561 C. G. L., 454 R. G. S.

The Chancellor upheld the right to make the conveyance objected to, on the theory that it had been sufficiently shown that only a part of the land owned by the school board was intended to be conveyed to the United States of America, the balance being retained for educational purposes. The Chancellor also held that the proposed expenditure of $175,000.00 for the erection of a post office building upon the part to be conveyed would, through the enhancement in value of the remaining portion of the property still retained by the School Board, constitute a sufficient consideration to sustain the validity of the conveyance as being for the best interest of education, and therefore authorized by the statute.

Appellant contends, however, that while our Constitution, statutes and decisions of this court lay down no hard and fast rules governing or regulating the specific manner or sale of school property, that nevertheless the Board of Public Instruction holds school property in trust, as trus-

tees for the citizens and tax payers of the county, upon whose property taxes may have been levied to purchase such property (First National Bank v. Board Public Instruction, 93 Fla. 182, 111 So. 521), and that the business affairs of the Board should be conducted with due respect to the trust reposed, and that there is a consequent responsibility to dispose of this trust property only upon adequate consideration received therefor, and consistent with good business judgment and sound business principles.

With this contention of appellant we must agree, and in consequence thereof must hold, that altho it may be true that the erection of a post office building upon the site proposed to be conveyed without any consideration whatever except that the conveyance would enhance the value of the remaining school property held by the Board, and to that extent would be made for some consideration accruing to the advantage of the Board, and therefore not entirely voluntary, yet the powers of the Board of Public Instruction are limited and defined by statute and are not to be extended by construction in matters of this kind, and when the exercise of authority is doubtful, such authority should not be assumed (Hopkins v. Road District, 74 So. 310, 73 Fla. 247).

The general law upon which appellees rely cannot be construed to give authority to make the conveyance complained of, and for this reason appellant's prayer for perpetual injunction to restrain the proposed conveyance of school property until a full, fair and adequate consideration is received should have been granted.

The decree appealed from is reversed with directions to enter a decree in accordance with this opinion.

BUFORD, C.J., AND WHITFIELD, ELLIS AND BROWN, J.J., concur.

TERRELL, J., not participating.