149 So.2d 41 (1963)
FLORIDA STATE BOARD OF HEALTH, Petitioner,
v.
Richard L. LEWIS, Respondent.
No. 32235.
Supreme Court of Florida.
January 9, 1963.
Rehearing Denied February 11, 1963.
*42 Hans G. Tanzler, Jr., and Bjarne B. Andersen, Jr., Jacksonville, for petitioner.
Herbert D. Sikes and James H. Dixon, Jr., Jacksonville, for respondent.
THORNAL, Justice.
This matter has been heard on a motion for a stay order pending our consideration of a petition for certiorari to review a decision of the District Court of Appeal, First District.
The matter must be disposed of on jurisdiction grounds.
The State Board of Health promulgated certain regulations governing the commercial spraying of lawns and shrubbery with highly toxic pesticides. Respondent Lewis, alleging the invalidity of the regulations, sought an injunction in the circuit court. The chancellor denied the injunction, holding the regulations valid. The decree was reversed by the District Court of Appeal, First District. That court held the regulations invalid. Lewis v. Florida State Board of Health, Fla.App., 143 So.2d 867. The The State Board of Health has petitioned this Court for a writ of certiorari on the jurisdictional ground that the decision of the District Court "affects a class of constitutional or state officers." Article V, Section 4(2), Florida Constitution, F.S.A.; Rule 4.5, subd. c(6) (1), Fla.App.Rules, 1962 Revision, 31 F.S.A. Pending our consideration of the petition for certiorari the State Board of Health requests an order staying execution of the mandate of the District Court.
Were it not for the jurisdictional problem which we shall discuss, a stay of the mandate would follow as a matter of law in view of the fact that the petitioner is a state board. Rule 5.12, Fla.App.Rules 1962 Revision. However, we are faced with a constitutional restriction which precludes our consideration of the petition for certiorari and requires its denial sua sponte on jurisdictional grounds.
We have stated that the only jurisdictional basis for review by us, which has been asserted by the petitioner, is the claim that the decision "affects a class of constitutional or state officers." In this regard it is the position of the petitioner that the State Board of Health consisting of five members constitutes a "class" of officers which entitles the Board to seek review of the subject decision. The problem which we must resolve is whether a state board, consisting of two or more members comprising a single state entity is a "class" within the contemplation of the constitutional provision which we have cited.
Admittedly, in common parlance, two or more persons or things possessing common attributes are often considered a "class." However, as used in the subject constitutional provision the word "class" cannot be accorded a definition quite so comprehensive.
The obvious purpose of the provision in question was to permit this Court to review a decision which directly affects one state officer and in so doing similarly affects every other state officer in the same category. For example, in State v. Robinson, Fla., 132 So.2d 156, this Court took jurisdiction of a decision of a District Court of Appeal, 124 So.2d 714, which affected the duties of a particular justice of the peace. In the view of the majority the justification for so doing was that the decision was sufficiently broad in scope that it would, in effect, affect all justices of *43 the peace throughout the state. To this extent the decision affected a "class" of constitutional officers, to wit: all of the justices of the peace.
In the only other situation where the problem has been considered we have taken the position that an individual member of the State Cabinet, in the exercise of the functions of his particular office, does not constitute a "class." The reason, of course, was that an individual cannot be a class in the sense used in the Constitution. There is only one State Treasurer, not a class of State Treasurers. Larson v. Harrison, Fla., 142 So.2d 727. There is only one Secretary of State, not a class of Secretaries of State. Crown Central Petroleum Corp. v. Standard Oil Co. et al., Fla., 142 So.2d 731.
The obvious purpose of the subject constitutional provision was to authorize this Court to review decisions which, in the ultimate, would affect all constitutional or state officers exercising the same powers, even though only one of such officers might be involved in the particular litigation.
The "class", as the word is employed in Section 4, Article V, supra, means two or more constitutional or state officers who separately and independently exercise identical powers of government. In this sense a group of officers composing a single governmental entity such as a board or commission would not, as such board or commission, constitute a class. It is the existence of two or more members of a given class of separate official entities that supplies the jurisdictional foundation for this Court to proceed.
Here, the state entity involved was the Board of Health, as distinguished from the individual members of the Board. The individuals collectively constitute the Board. When, as here, the official action of the Board as an entity of government is brought into question we are confronted by the action of a single state entity rather than a potential class of state entities.
In passing, it is not inappropriate to observe that a decision affecting the powers of one board as an entity of government might well affect the powers of all similar boards and thereby fall within the category of reviewable decisions under the subject provision. For example, a decision defining the duties of a board of county commissioners may affect all other boards of county commissioners and thereby fall within the reviewable category. Admittedly, this is not the situation with which we are currently confronted. We offer the observation merely as illustrative of the constitutional provision in question.
Finding as we do that the subject decision of the District Court affects only the Florida State Board of Health as an entity of state government and, therefore, finding that the decision does not affect "a class of constitutional or state officers," it is incumbent upon us to deny sua sponte the petition for certiorari. It is apparent that this Court is without jurisdiction to review the matter. The motion for a stay order, therefore, becomes moot.
The petition for a writ of certiorari is denied.
It is so ordered.
DREW, O'CONNELL and CALDWELL, JJ., concur.
ROBERTS, C.J., dissents.