QUESTION:
Is the executive committee of the Northwest Florida Planning and Advisory Council, Inc., which is composed of council members representing municipalities and counties, subject to the restrictions regarding per diem and travel expenses set forth in s. 112.061, F. S.?
SUMMARY:
The executive committee of a regional planning council is subject to, and its members' travel expenses and per diem allowances controlled by, the terms and limitations of s. 112.061, F. S., the state uniform travel expense law governing all public officers and employees. Such planning council may not, therefore, reimburse its members or its executive committee (or its staff or employees) for per diem or travel expenses incurred while traveling to the council's official headquarters to attend meetings or to perform any other official duty or function at the headquarters city. The municipalities and counties which participate in, are represented on, and send representatives to the regional planning council may, however, pay the per diem and travel expenses of their representatives on the council from the official headquarters of such counties and municipalities to the headquarters city of the planning council incurred in attending council meetings or in carrying out or performing other official duties and functions at such headquarters city.
Your question is answered in the affirmative.
According to your letter, the Northwest Florida Planning and Advisory Council, Inc., was established pursuant to s. 160.01, F. S., which provides for the establishment of a regional planning council comprised of two or more counties and municipalities. The functions, powers, and duties of these councils are set forth in s. 160.02, F. S., which provides in part that a council is `[t]o act in an advisory capacity to the constituent local governments in regional, metropolitan, county and municipal planning matters . . . .' Section 160.02(10). The membership of the council consists of one representative appointed by the mayor of the county seat of each participating county and two representatives appointed by the board of county commissioners of each county. See Art. III, Council By-Laws, Revised October 1974. One member representing a county must be an elected county official; the other representative must not be an elected county official. Those counties with a population over 50,000 are entitled to appoint one additional representative for each additional 50,000 persons residing in the county. The officers of the council are elected by the members from among their own membership on an annual basis. Article V, Council By-Laws, Revised October 1974. See also Art. VI, Articles of Incorporation. The executive committee, which is responsible for establishing council policy and guidelines for all council and staff activities, is composed of the officers of the organization. Article IX, Council By-Laws, Revised October 1974. The business affairs of the council are managed by the board of directors which is elected from council members, Art. VII, Articles of Incorporation, and the executive committee of the council executes the directions received from the council and transacts routine business matters between the quarterly meetings of the council. Article V, Council By-Laws, Revised October 1974.
Your inquiry is concerned with whether the executive committee is subject to the terms and limitations of s. 112.061, F. S., regarding per diem and travel expenses of all public officers and employees, or is governed by the bylaws of the council. Section (c), Art. V, Council By-Laws, Revised October 1974, provides in pertinent part:
 The Board of Directors of the Council shall have the authority to provide for the reimbursement of actual expenses (for travel, telephone and similar expenses) incurred by members of the Executive Committee when on business for the Council, and, in addition, to provide for reimbursement in the form of a per diem of $50.00 per day. . . . The Executive Director is authorized and directed to reimburse each Executive Committee member as above prescribed, simply upon the submission to the Executive Director of a request for reimbursement upon a voucher form to be prepared by the Executive Director . . . .
Originally, members of such planning councils were `entitled to receive their actual and necessary expenses incurred in the performance of their duties.' See s. 1(2), Ch. 59-369, Laws of Florida. The provision regarding travel expenses, however, was subsequently amended by s. 19 of Ch. 63-400, Laws of Florida, which substantially revised s. 112.061, F. S., to provide that per diem or travel expenses to any person authorized by any general law not amended or exempted by Ch. 63-400 are subject to Ch.63-400 (now s. 112.061). Furthermore, Ch. 63-400 provided that certain general laws, including s. 160.01(2), F. S., were to be revised by the statutory revision department by substitution of the words `shall be reimbursed for travel expenses as provided in Section 112.061, Florida Statutes, or words of similar meaning.' Section 160.01(2), F. S., now contains the foregoing provision.
The officers of the council who also comprise the executive committee are elected from the council membership as provided in Art. V of the Council By-Laws, Revised October 1974. As the membership of the council is comprised of representatives appointed by municipalities or counties as provided in Art. III of the By-Laws, it appears that the members of the executive committee are `members of the regional planning counsel representing counties and municipalities.' Therefore, s. 160.01(2), F. S., which provides that such members `shall be reimbursed for traveling expenses as provided in s. 112.061' appears to be applicable to members of the executive committee and thus controls their travel expenses and per diem allowances.
The language contained in s. 160.01(2) clearly limits members of the council to reimbursement for travel expenses at the rate specified in s. 112.061, F. S. While s. 160.02(1), F. S., authorizes the council to adopt rules of procedure for the regulation of its affairs and the conduct of its business, the council is not authorized to adopt any such bylaw as s. C, Art. V, Council By-Laws, Revised October 1974, or otherwise provide for or fix the travel expenses and per diem of the executive committee or the members or staff of the council. The council's powers are clearly set forth in ss. 160.01 and 160.02, F. S., and the council lacks the authority to act beyond the scope of those powers granted to it by statute. See, e.g., Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636 (1 D.C.A. Fla.); cert. dismissed, 300 So.2d 900 (Fla. 1974); see also Lewis v. Florida State Board of Health, 143 So.2d 867 (1 D.C.A. Fla., 1962), cert. denied, 149 So.2d 41 (Fla. 1963), as to rule making power of administrative boards. Thus, the rates specified in s.112.061 prevail over any inconsistency with the rates set forth in the Council By-Laws. See, e.g., s. 112.061(6)(c)1., F. S. 1977, which provides that `[a]ll other travelers may be allowed . . . up to $35 per diem'; the foregoing statutory provision prevails over s. C, Art. V, Council By-Laws, which purports to authorize `a per diem of $50.00 per day.' See also Ch. 77-174, Laws of Florida (s.112.061(11), F. S.), which requires that any claim for per diem or travel expenses under s. 112.061 contain a statement that the expenses were actually incurred by the traveler as necessary traveling expenses in the performance of his official duties and be verified by a written declaration that the claim is true and correct as to every material matter. Compare with s. C, Art. V, Council By-Laws.
Chapter 160, F. S., is silent with regard to travel expenses of the staff and employees of the council although the council clearly has the authority to employ and compensate its personnel, consultants, and technical and professional assistants. See s. 160.02(4). Section 112.061(1)(a), F. S., however, states that it is the Legislature's intent that the provisions of s. 112.061 are applicable `to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency.' Public agency is defined as:
 Any office, department, agency, division, subdivision, political subdivision, board, bureau, commission authority, district, public body, body politic, county . . . municipality or any other separate unit of government created pursuant to law. [Section 112.061(2)(a), F. S.]
It is clear that a planning council, created pursuant to Ch. 160, F. S., is included within the foregoing definition of an `agency or public agency.' While the council is advisory, it possesses some governmental authority or power of a public body as above defined; for example, the authority to sue and be sued and to make and enter into contracts and receive and expend public moneys appropriated for its use. Under s. 112.061(1)(b)2., F. S., a special or local law will prevail over any conflicting provisions of s. 112.061 to the extent of the conflict; however, a bylaw of a planning council created under Ch. 160 is not a special or local law, cf. AGO 071-121, holding in part that a county could not, by a home rule ordinance, vary the uniform plan for reimbursing county officials for their travel expenses as provided by s.112.061; accordingly, s. 112.061, F. S., applies not only to members of the council but also to its officers, staff, and employees.
This office has uniformly interpreted s. 112.061, F. S., to authorize reimbursement for per diem and travel expenses only for travel away from the traveler's official headquarters as defined in s. 112.061(4). See AGO 075-275 in which I concluded that, if travel to a city other than the official headquarters commences from the city in which the traveler resides, when this is different from his or her official headquarters, the mileage should be computed on the basis of the shorter distance to the point of destination. I have been informed that the official headquarters of the planning and advisory council is located in Panama City; accordingly, any authorized travel must occur away from that location or point of origin. Cf. AGO 075-237 which states that mileage should be calculated from the headquarters office to the place where the official duties are to be carried out if the travel originates from the travel headquarters; if the travel originates from the individual's residence and it is a shorter distance from there to the point of destination, then travel should be calculated from the residence. See also AGO 074-132 in which I stated that mileage is computed on the basis of the distance from the headquarters city to the city in which the duties are to be performed unless the actual distance (i.e., from the place of residence) is shorter. The traveling expenses of all travelers are limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the agency and must be within the limitations prescribed by s. 112.061(3)(b). And see Ch. 77-174, Laws of Florida (s. 112.061[11]), which requires that any authorized claim under s. 112.061 must be verified by a written declaration that it is `true and correct as to every material matter.' Submitting a fraudulent claim is a misdemeanor of the second degree, and an individual receiving reimbursement or an allowance by means of a false claim is civilly liable for the amount of the overpayment for the reimbursement of the public fund from which the claims were paid. All travel must be duly authorized and approved by the agency head, s. 112.061(3)(a).
Since the official headquarters of the planning council is located in Panama City, any per diem or travel expenses incurred by council members or members of the executive committee (or the staff or employees of the council) in traveling to the headquarters city to attend meetings or to perform any official duties or functions may not be reimbursed by the planning council. Such travel does not for the purposes of s. 112.061, F. S., constitute authorized travel away from the official headquarters, as this office has uniformly interpreted s. 112.061. The members of the planning council, however, are also representing their respective counties and municipalities. Cf. s. 160.01(1), F. S., authorizing the appointment of representatives to the council by the constituent governmental bodies and s. 160.02(10) empowering the council to act in an advisory capacity to the constituent governments in a number of specified matters. Each member serves as a representative of his constituent local government to the planning council. The function of the planning council itself is to advise these `constituent local governments' in county and municipal planning matters. Thus, while the planning council may not pay the per diem and travel expenses of members of the council or its executive committee attending meetings or performing other official duties in Panama City, the cities and counties which participate in and are represented on the planning council may authorize the payment of these expenses to those individuals who represent them in the council. Cf. AGO 070-94. Section 112.061
provides that, when applicable, travel expenses may be paid to all public officers, employees and `authorized persons.' Authorized person is defined as:
 A person other than a public officer or employee as defined herein, whether elected or commissioned or not, who is authorized by an agency head to incur travel expenses in the performance of his official duties. [Section 112.061(2)(e)1.]
Those members of the council who are not public officers or employees as defined in s. 112.061(2)(c) and (d) appear to satisfy this definition of `authorized person.' They are appointed by the governing body of a municipality or county to represent their respective local governments on the planning council. The travel expenses incurred in attending council meetings or performing other official duties at the council's headquarters city satisfy the requirement that such expenses be incurred in the performance of their official duties for such constituent governments and in the performance of an authorized public purpose. Moreover, the attendance of these meetings or the carrying out of other official duties at the council's official headquarters in Panama City constitutes authorized travel away from the official headquarters of the respective constituent municipalities and counties. Accordingly, I am of the opinion that, subject to the limitations prescribed by s. 112.061, a municipality or county may pay the per diem and travel expenses of its representatives on the council to the headquarters city of the planning council.
Prepared by: Joslyn Wilson Assistant Attorney General