Herman A. Heise President Indian River Community College Fort Pierce
QUESTION:
Is the board of trustees of a community college district authorized to pay the costs of employees' voluntary physical examinations?
SUMMARY:
The authority of a community college district board of trustees to fix the compensation of its employees is limited to the adoption of salary schedules and the fixing of the salaries of its employees on the basis thereof. The salary schedule so adopted is the sole instrument to be used by the board of trustees in determining the compensation of its employees. Any additional compensation over and above salary or fringe benefits or perquisites must be expressly authorized by statute or State Board of Education regulation authorized by law. Since no statute or rule of the State Board of Education expressly authorizes the board of trustees to pay for the costs of employees' voluntary physical examinations, such payments are unauthorized and should not be made.
According to your letter, the Indian River Community College Board of Trustees has adopted a rule authorizing the college to pay the costs of voluntary physical examinations undertaken by community college employees. You state that the costs of the examinations are to be paid from appropriations of state funds at a cost not to exceed $100 for the physician conducting the examination and up to $25 for related expenses. Your letter further indicates that the Auditor General has questioned the board's legal authority to pay for employees' voluntary medical examinations and has suggested that you seek an opinion of this office.
Section 230.753(2)(a), F. S., creates for each community college district a board of trustees which, under statutes and other rules and regulations of the State Board of Education, shall have `all powers necessary and proper for the governance and operation of the community college.' A community college district board of trustees is vested with the responsibility to operate the community college with such necessary authority as may be needed for the proper operation thereof in accordance with regulations of the State Board of Education. Section 230.754(1), F. S. All funds accruing to the benefit of the community college shall be expended in accordance with the rules and regulations of the State Board of Education. Section 230.768, F. S.
A community college district board of trustees has no inherent or common-law powers. It has only those powers which have been conferred by statute. Cf. Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); Harvey v. Board of Public Instruction, 133 So. 868
(Fla. 1931); and AGO 075-148 holding that the powers of district school boards are limited by law, and the extent of their powers may be enlarged or modified only by the Legislature. If there are any doubts as to the existence of authority it should not be assumed. Hopkins v. Special Road Bridge District No. 4,74 So. 310 (Fla. 1917); Harvey v. Board of Public Instruction, supra; State v. Ausley, 156 So. 909 (Fla. 1934); State v. Culbreath,174 So.2d 422 (Fla. 1937); Gessner v. Del-Air Corp., 17 So.2d 522
(Fla. 1944); and State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900.
Section 230.759, F. S., governs the employment of community college personnel and reads in part:
 Employment of all personnel in each community college shall be . . . subject to the rules and regulations of the [S]tate [B]oard [of Education] relative to certification, tenure, leaves of absence of all types, including sabbaticals, remuneration, and other such conditions of employment as the Division of Community Colleges deems necessary and proper; and to policies of the board of trustees not inconsistent with law.
The regulations of the State Board of Education implementing the Florida School Code, Chs. 228-246, F. S., have `the full force and effect of law,' if within the scope and intent of the statute. Section 229.041, F. S.; see also Florida Livestock Board v. Gladden, 76 So.2d 291, 295 (Fla. 1954).
The State Board of Education has promulgated Rule 6A-14.247(5), F.A.C., relating to the powers and duties of the board of trustees of a community college as to the employment of personnel. This rule requires the board of trustees to:
 (5) Personnel. Designate positions to be filled, prescribe the qualifications for those positions and provide for the appointment, compensation, promotion, suspension and dismissal of employees as follows, subject to the requirements of other state board of education regulations.
 (b) Compensation and salary schedules. Adopt a salary schedule or salary schedules to be used as a basis for paying members of the instructional staff and other college employees . . . fix and authorize the compensation of members of the administration and instructional staff and other college employees on the basis of such schedules.
Rule 6A-14.46, F.A.C., reads:
 Each board shall annually adopt and spread on its minutes a salary schedule or schedules for employees of the community college. The schedules so adopted shall be the sole instrument used in determining the annual, monthly, weekly, daily, or hourly compensation for such employees, whether paid on hourly, daily, weekly, monthly or annual rates. Individual personnel records for each employee as required in section 6A-14.47, State Board of Education Regulations, shall contain evidence of each factor used in calculating that employee's compensation for each year. A copy of the official salary schedules shall be forwarded with the annual college budget document when it is submitted to the commissioner for approval. (Emphasis supplied.)
There is no statute or rule or regulation of the State Board of Education which expressly authorizes a community college district board of trustees to pay for voluntary physical examinations of its employees out of public funds. Moreover, Rule 6A-14.247(5)(b), F.A.C., read together with Rule 6A-14.46, F.A.C., appears to negate any implied authority which a district board of trustees might possess to provide and pay for additional compensation, fringe benefits, or perquisites. Both rules stipulate that thesole basis to be used by the board of trustees in determining the compensation of community college employees is the employees' salary schedule; any additional compensation or benefits must be authorized elsewhere by statute or State Board of Education regulation authorized by law.
Payment of the costs of an employee's physical examination would appear to fall clearly within the definition of additional compensation or fringe benefit or perquisite. See 70 C.J.S.Perquisite p. 685, defining `perquisite' to mean `any profit or pecuniary gain from services beyond the amount fixed as salary or wages'; Black's Law Dictionary 1299 (4th Ed.), defining `perquisites' as `emoluments or incidental profits attaching to an office or an official position beyond the salary or regular fees'; and s. 216.011(1)(f), F. S., defining `perquisites' for purposes of the chapter as:
 Those things, or the use thereof, or services of a kind which confer on the officers or employees receiving same some benefit that is in the nature of additional compensation, or which reduces to some extent the normal personal expenses of the officer or employee receiving the same, and shall include, but not be limited to, such things as quarters, subsistence, utilities, laundry services, medical services, use of state-owned vehicles for other than state purposes, servants paid by the state, and other similar things.
In particular, the courts have concluded that the provision of pensions is in the nature of compensation. Vorhees v. City of Miami, 199 So. 313 (Fla. 1940) and State ex rel. Holton v. City of Tampa, 159 So. 292 (Fla. 1935). Annual leave has also been considered to be compensation (Green v. Galvin, 114 So.2d 187 [1 D.C.A. Fla., 1959]) as has the payment of medical and life insurance benefits. Riddlestorffer v. Rahway, 196 A.2d 550
(N.J.Super. 1963); Local 456 Int. Bro. of Teamsters v. Town of Cortlandt, 327 N.Y.S.2d 143 (S.Ct. Westchester County, 1971); and State ex rel. Parsons v. Ferguson, 348 N.E.2d 692, 694 (Ohio 1976). Cf. AGO 071-121 supplemented by AGO 071-157, holding that the payment of the premium of an insurance policy constitutes compensation to a public officer, and AGO 071-308 concluding that community college funds could not be used to provide accident insurance for a member of a community college board of trustees since such trustees were required by law to serve without compensation.
This office has consistently ruled that express statutory authority must exist before public funds may be used to pay additional compensation, or benefits in any form, over and above salary to public officers and employees. Cf. AGO 071-28 stating, among other things, that to perform any function for the state or to expend any moneys for the state, the public officer seeking to perform such function or to incur such obligation must point to a constitutional or statutory provision authorizing him to do so. Thus, in AGO 073-148 I concluded that neither a sheriff nor a county was authorized to pay a clothing and maintenance allowance for plainclothes deputies or a maintenance allowance for uniformed officers, in the absence of express statutory authority. In that opinion, I reasoned as follows:
 To pay a plainclothes deputy a clothing or maintenance allowance or to pay a uniformed officer a maintenance allowance in addition to his regular legal salary or wages would and must be considered as a gain or profit incidental to his legal salary or wages and, as such, a perquisite. A perquisite by its very nature would be an unauthorized public expenditure of public funds for private benefit and, in the absence of absolute clear legislative direction, prohibited by law. (Emphasis supplied.)
See also AGO 041-309, Biennial Report of the Attorney General, 1941-42, p. 245 (in the absence of express or implied statutory authority, a county board of instruction may not make a payment or allowance to or for a teacher to defray his expenses in summer school) and AGO 045-129, Biennial Report of the Attorney General, 1945-46, p. 319 (board of trustees of school district not authorized to increase the compensation of a principal or teacher by allowing him free rent of a house or school building).
Similarly, with respect to the payment of group insurance premiums for public officers and employees, it has been held that statutory authority must be found before public funds may be expended for such purposes. Thus, in AGO 067-20, it was held that the board of directors of an anti-mosquito district was not empowered to provide health insurance for its employees when not expressly authorized to do so by law. Accord: Attorney General Opinion 074-299 in which it was held that the board of commissioners of a fire control district was not authorized to utilize district funds to purchase life or health insurance for district employees, in the absence of express authorization in either the special legislation creating the district or general law. Moreover, statutes providing for the payment of additional compensation (such as group health insurance) to public officers and employees are to be strictly construed. See AGO 072-359 concluding that a statute authorizing district school boards and other designated governmental entities to pay out of public funds all or any part of the premium for certain types of group insurance for its officers and employees did not authorize the district school board to pay any part of the premiums for such insurance coverage for persons (family dependents) other than officers or employees of the board. Accord: Attorney General Opinion 076-8 stating in part that former s. 112.08, F. S. 1975, authorizing the payment of designated types of group insurance premiums by specified government units must be strictly construed.
Application of the foregoing principles of law to your inquiry leads me to conclude that the payment from public funds of the costs of voluntary physical examinations undertaken by community college personnel is in the nature of additional compensation or a fringe benefit or perquisite. Accordingly, since the authority of the district board of trustees to fix the compensation of community college personnel is limited to the adoption of salary
schedules and fixing the salaries of its employees on the basis thereof (which schedule is the sole instrument to be used in determining the compensation of the college's employees) the board of trustees would not be authorized to pay additional compensation, fringe benefits, or perquisites over and above salary unless otherwise expressly authorized to do so by statute or State Board of Education regulation authorized by law. Compare
Rule 6A-14.42 et seq. (administrative and personal leave); Rule 6A-14.431 et seq. (vacation, military, and sick leave, maternity leave); and Rule 6A-14.733 (authorizing board to pay all or any part of the premium charges for group life, health, accident, and hospitalization insurance provided for its employees pursuant to the provisions of s. 112.08, F. S. [1976 Supp.]).
Prepared by: Patricia R. Gleason, Assistant Attorney General