Ernest Ellison Auditor General Tallahassee
QUESTION:
Is the board of trustees of a community college district authorized to contract with the president of the community college to provide him with a $200 per month housing allowance and an automobile for personal and business use in addition to the regular salary established by the board?
SUMMARY:
The board of trustees of a community college district is not authorized by law to enter into a contract with the president of the community college to provide a $200 per month cash housing allowance and an automobile, together with all operating costs thereof, for personal and business use of the president in addition to the regular salary established by the board.
Your letter advises that following a postaudit of Brevard Community College you determined that the president of the college was compensated pursuant to a contract under the terms of which the district board of trustees of the college agreed
 . . . to pay the Administrator [i.e., the President] for services rendered not less than $34,584 annually in twenty-six (26) installments and a housing allowance of $200 per month shall also be provided for the same period of time and the President shall continue to be provided with an automobile for his personal and business use together with all operating costs.
It is well established that community college district boards of trustees have no inherent powers but possess only such authority and those duties prescribed by statute or authorized rule of the State Board of Education implementing statutory provisions. See
AGO's 078-68 (community college board of trustees not authorized by statute or state board of education rule to contract with agency of foreign government to disburse funds in lump sum to such agency from which it is to reimburse public officers and employees for travel expenses at a rate or in a manner different from that provided by law); 078-67 (board of trustees not authorized by law or State Board of Education rule to enter into contracts for the purchase of copyright licenses or to enter into contracts with agencies of a foreign government); 078-56 (part II of Ch. 230, F. S., does not expressly or by necessary implication authorize a community college district board of trustees to employ law enforcement officers or confer authority upon it to vest officers employed by the district with authority to bear arms and make arrests); and 078-12 (no statute or valid rule of the State Board of Education empowers the board of trustees to pay the costs of employees' physical examinations; hence, such payments should not be made). Cf. Harvey v. Board of Public Instruction, 133 So. 868
(Fla. 1931); Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); AGO's 078-94, 076-61, and 075-148. Furthermore, if there is any doubt as to the lawful existence of a particular power that is being exercised, the further exercise of the power should be arrested. See State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); Harvey v. Board of Public Instruction, supra; White v. Crandon, 156 So. 303 (Fla. 1934).
I have examined all of part II of Ch. 230, F. S., and find no provision therein which expressly authorizes the board of trustees of a community college district to provide, by contract or otherwise, a cash housing allowance or an automobile (together with all operating costs thereof) for personal and business use of the community college president in addition to the regular salary established by the board. Nor have I found any statute granting express power or expressly imposing any duties from which the authority to make such payments can be necessarily implied. See
Greenberg v. Florida State Board of Dentistry, supra; Southern Utilities Co. v. City of Palatka, 99 So. 236 (Fla. 1926); AGO's 078-77 and 078-94. The only statute in any way concerned with housing for a community college president is s. 230.7565, F. S., which authorizes the board of trustees in a community college district having a student enrollment in excess of 20,000 as of January 1, 1970, to provide a home for the president of the college. Clearly, however, this statute is not applicable to Brevard Community College nor is it pertinent to the authority of the board to provide a cash housing allowance for the president.
Moreover, the board of trustees may not utilize its general power to contract (s. 230.754[2][d], F. S.) and to select and appoint a community college president (s. 230.753[7], F. S.) to exercise its powers and duties in a manner anywise different than or in excess of that expressly or impliedly prescribed or prohibited by law; any attempted exercise of such powers and duties in any other manner or under different circumstances is a nullity. 67 C.J.S.Officers s. 103; White v. Crandon, supra; National Bank v. Duval County, 34 So. 894 (Fla. 1903). Cf. Lewis v. Florida State Board of Health, 143 So.2d 867 (1 D.C.A. Fla., 1962); cert. denied,149 So.2d 41 (Fla. 1963); State ex rel. Himes v. Culbreath,174 So. 423 (Fla. 1937); AGO 078-76, concluding that a provision of a collective bargaining contract between a labor organization and a community college board of trustees in which the parties agreed to `continue in effect all practices of the college administration not covered by the terms of this contract concerning terms and conditions of employment' did not operate to `ratify' or otherwise validate validate a rule or practice of the board of trustees which was not authorized by law.
As an administrative agency, a community college district board of trustees must be deemed to be a creature of statute; therefore, the applicable provisions of part II of Ch. 230, F. S., expressly or impliedly circumscribe and measure all of the powers, duties, and functions of said board. Cf. Florida Growers Coop. Transport v. Department of Revenue, 273 So.2d 142 (1 D.C.A. Fla., 373),cert. denied, 279 So.2d 33 (Fla. 1973); State ex rel. Hathaway v. Smith, 35 So.2d 650 (Fla. 1948); AGO 075-148; 20 C.J.S. Counties
ss. 174, 207; 73 C.J.S. Public Administrative Bodies and Procedure
s. 49, p. 369 and s. 59, pp. 353-384. Accordingly, the members of the governing body of a community college, like other administrative officers, whether state, county, or district, are authorized to exercise only such express or implied powers conferred upon them by law. Further, it has been stated that `the implied prohibitions of law are as effective as express prohibitions.' Martin County v. Hansen, 149 So. 616, 617 (Fla. 1933); see also State ex rel. Kudner v. Lee, 7 So.2d 110; AGO 078-101; 67 C.J.S. Officers s. 102, p. 366, n. 70. Therefore, in the absence of express or implied statutory authority, the board of trustees of a community college district may not provide by contract or otherwise a cash housing allowance or an automobile for the personal and business use of the community college president together with all operating costs in addition to the regular salary established by the board.
Your question is answered in the negative.
Prepared by: Patricia R. Gleason, Assistant Attorney General