Frank A. Howard, Jr. School Board Attorney, Dade County Miami
QUESTIONS:
1. May a school board adopt a rule requiring that the chairmanship of the board be rotated among the members of the board?
2. May a school board adopt a rule providing that, after a member of the board has served as chairman for 2 consecutive years, he is not eligible for election again until another member of the board has served at least 1 year as chairman?
SUMMARY:
A school board may adopt rules of procedure regarding the election of a chairman of the board, including a provision limiting the number of consecutive terms a person may serve as chairman of the board. Such a rule, however, is subject to modification or revocation at the pleasure of the school board.
As your questions are interrelated, they will be answered together.
District school boards are constitutionally charged with the responsibility of operating, controlling, supervising all free public schools within the school district. See s. 4(b), Art. IX, State Const. Each school board is constituted a body corporate, s. 230.21, F. S., and is composed of not fewer than five members, s. 230.04, F. S. Members of the school board are elected for staggered 4-year terms, see s. 4(a), Art. IX, State Const., and s. 230.05, F. S.; thus, the district school board operates as a continuing body. Cf. Daly v. Stokell, 63 So.2d 644 (Fla. 1953) (when terms of city commissioners are staggered and expire at different times, the city commission is a continuing body, since there is no point at which the terms of all commissioners come to an end), and AGO 074-6.
Section 230.15, F. S., provides for the election of a chairman of the school board, stating that `[o]n the third Tuesday after the first Monday in November of each year, the school board shall organize by electing a chairman. . . .' The chairman of the school board acts as the presiding officer of the board and as its agent in the performance of certain duties. See, e.g., s. 230.173, F. S. (may order removal of persons interfering with orderly process of public meetings); s. 230.23(1)(a), F. S. (signs minutes of board meetings); s. 230.21, F. S. (service of process to be had on chairman); and s. 237.211(3), F. S. (signs school district's checks or warrants). It is, however, the school board which is the governing body of the district, exercising its authority as a body and not as individual members. See s. 230.23, which states that the school board, acting as a board, shall exercise all the powers and perform all the duties set forth therein; see also s. 230.21 (governing body shall be a school board); cf. s. 230.11, F. S. (each school board member serves as the representative of the entire district).
You inquire whether the school board is empowered by its so-called home rule powers under s. 230.03(2), F. S., to adopt rules requiring the rotation of the school board chairmanship or limiting the number of consecutive terms a person may serve as chairman. While the 1978 Legislature amended s. 230.03(2) to provide that district school boards `may exercise any power for educational purposes except as otherwise provided by the State Constitution or law,' the phrase `educational purposes,' for the purposes of this section, is defined and limited to those activities or powers exercised in the establishment and maintenance of courses, classes, institutions, and services adequate to meet the educational needs of all citizens of the district. The parameters of this amended statutory provision have not been judicially determined; however, I cannot say that the foregoing grant of power to district school boards per se encompasses the adoption of rules regarding the selection of the chairman of the school board or limitations on consecutive terms a person may serve as chairman of the board.
This office has stated that district school boards have no inherent or common-law powers but rather possess only those powers which have been expressly or impliedly conferred by statute. See,e.g., AGO's 076-61 and 075-148 holding that the powers of school boards are limited by law and that the extent of their powers may be enlarged or limited only by the Legislature. See also Harvey v. Board of Public Instruction, 133 So. 868 (Fla. 1931); Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); and 78 C.J.S. Schoolsand School District ss. 270 and 277. Thus a school board may not exercise a substantive power in the absence of a statutory provision conferring on the board such a power. School boards, however, have been granted certain rulemaking authority. See s. 230.22(2), F. S., which provides that `[t]he school board shall adopt such rules and regulations to supplement those prescribed by the state board as in its opinion will contribute to the more orderly and efficient operation of the district school system.'See also s. 120.53, F. S., which authorizes `agencies' to adopt certain rules of procedure, and Witgenstein v. School Board of Leon County, 347 So.2d 1069 (1 D.C.A. Fla., 1977), in which the court concluded that a school board was an `agency' subject to the operation of the Administrative Procedure Act, ch. 120, F. S. Moreover, this office has recognized that, when not otherwise prescribed by statute, a public body corporate and politic or other deliberative body may adopt its own regulations and rules of procedure; and, in the absence thereof, the general parliamentary rules of law will prevail. See AGO 074-6 in which this office concluded that a municipal housing authority had the power to adopt its own rules of procedure for the conduct of the authority's business and the selection of its officers, and AGO 076-148, stating that the Parole and Probation Commission may provide by rule for the method of section, term of office, and duties of a vice chairman. See also AGO 078-11 in which this office, concluding that members of a special district's governing board were not within the purview of s. 286.012, F. S., but that they were authorized and required to adopt rules and regulations for the board's guidance and proceedings, stated that such board members were empowered to adopt a rule prohibiting abstention from voting in specified circumstances by any member thereof. Seegenerally 67A C.J.S. Parlimentary Law s. 4 (deliberative bodies have the right to adopt rules of procedure in absence of an outside power having the right to do so), and 62 C.J.S. MunicipalCorporations s. 400 (municipality's governing body competent to adopt own regulations and rules of procedure when they are not prescribed by statute or municipal charter.) Cf. 73 C.J.S. PublicAdministrative Bodies and Procedure s. 19 (when lawful authority thereof exists, an administrative agency may adopt its own mode or form of organization); State v. State Board of Administration,25 So.2d 880 (Fla. 1946); and 62 C.J.S. Municipal Corporations s. 389 (ordinarily, municipal council has power to provide for its own organization). In Brewer v. Kellum, 50 So. 581 (Fla. 1909), the Florida Supreme Court concluded that, when a statute provided that a board of county commissioners had the power at any legal meeting to elect one of its members as chairman but did not specify the term for such position, the members of the commission had the legal right to elect a chairman to preside over their meetings as often as they saw fit to do so, provided that such election was held at a legal meeting. See s. 125.01(1)(a), F. S., which states that the legislative and governing body of a county has the power to adopt its own rules of procedure, select its officers, and set the time and place of its official meetings. See also Johnson v. Johansen, 338 So.2d 1300 (1 D.C.A. Fla., 1976), in which the court concluded that the State Constitution, general laws, and Jacksonville charter did not restrict the city council's control of its presidency; and, thus, the council had the power to remove the council president on grounds and by procedures satisfactory to it. Cf. Robert's Rules of Order, s. 46, p. 375 (1970), which states that an organization's bylaws may contain a provision limiting the number of consecutive terms a person may serve in the same office.
Section 230.15, F. S., does not limit or restrict the board in the regulation of its own organization or procedures, or in any other way restrict the board in conducting its business, except to require that a school board chairman be elected the third Tuesday after the first Monday in November of each year. Therefore, I am of the opinion that, until legislatively or judicially determined to the contrary, a district school board may provide, by a properly adopted rule of internal organization and procedure, for the selection of one of its members to act as chairman. Any such rule of procedure, however, would be subject to revocation or modification at the pleasure of the body creating it; thus, the school board, in adopting a rule providing for the selection of the school board chairman, may at any time amend, modify, or revoke such a provision. See 67A C.J.S. Parliamentary Law s. 2 and 4.
Prepared by: Joslyn Wilson, Assistant Attorney General