Mr. John McWilliams Chairman Board of Trustees Municipal Service District of Ponte Vedra Beach Post Office Box 1323 Ponte Vedra Beach, Florida 32082
Dear Chairman McWilliams:
This is in response to your request for an opinion on substantially the following question:
 MAY THE MUNICIPAL SERVICE DISTRICT OF PONTE VEDRA BEACH CREATE ITS OWN LAW ENFORCEMENT PROGRAM AND EMPLOY LAW ENFORCEMENT OFFICERS WITH FULL POLICE POWERS WITHIN THE DISTRICT INCLUDING ALL POWERS OF POLICE OFFICERS OF THE STATE AND COUNTY?
The Municipal Service District of Ponte Vedra Beach was created by Ch. 82-375, Laws of Florida, for the purpose of providing services to the public of the district supplemental to those services provided by St. Johns County and in cooperation with the function of the county. Section 2. (1) of Ch. 82-375. The governing body of the district consists of a board of seven district trustees who were initially appointed by the Board of County Commissioners of St. Johns County and subsequently were elected by the qualified voters of the district. Section 2. (2) of Ch. 82-375. Pertinent to your inquiry, subsection (4)(g) s 2 of the act, authorizes and empowers the district to do the following:
 To supplement within the district the performance of the following specialized services and functions of the Board of County Commissioners of St. Johns County:
 1. The provision of personnel, equipment and facilities for security, law enforcement, civil defense, emergency ambulance and rescue service, or funds therefor;
2. Parking restrictions and traffic control. (e.s.)
No other mention is made in the district's enabling legislation to law enforcement officers or to any law enforcement program or department. Section 2. (16) of Ch. 82-375, however, provides that with the exception of the millage limitation set forth therein, the act may be amended by joint resolution of the governing bodies of the district and of St. Johns County. According to your letter, the board of county commissioners and the board of trustees of the municipal service district propose to amend the district's charter by joint resolution and authorize the district to create and operate a law enforcement program and employ law enforcement personnel.
It is well settled in this state that special districts possess only such powers as are expressly or by necessary implication authorized or granted by statute. See generally, White v. Crandon,156 So. 303 (Fla. 1934); Harvey v. Board of Public Instruction,133 So. 868 (Fla. 1931); and Hopkins v. Special Road Bridge Dist. No. 4, 74 So. 310 (Fla. 1917). Cf., Molwin Inv. Co. v. Turner,167 So. 33 (Fla. 1936) (express power duly conferred may include implied authority to use means necessary to make express power effective but may not warrant the exercise of a substantive power not conferred). See also, Forbes Pioneer Boat Line v. Board of Com'rs of Everglades Drainage Dist., 82 So. 346, 350 (Fla. 1919), in which the Florida Supreme Court noted that the Everglades Drainage District, a special taxing district created with all the powers of a body corporate, was a public quasi-corporation and, as such, "a governmental agency of the state for certain definite purposes, having such authority only as is delegated to it by law."
Section 2. (1) of Ch. 82-375, Laws of Florida, states that the purpose of the district is to provide services to the public of the district supplemental to those services provided by the county and in cooperation with the function of the county. The language of the special act creating the municipal service district, pertinent to your inquiry, provides that the district is authorized to "supplement" within the district the performance of specialized services and functions of the Board of County Commissioners of St. Johns County, including the provision of law enforcement and traffic control. The American Heritage Dictionary of the English Language at 1292 (1979) defines the word "supplement" as "[s]omething added to complete a thing, make up for a deficiency, or extend or strengthen the whole." The Legislature in the enactment of the statutes is presumed to know the meaning of the language used to have expressed its intent by the use of words found in the statute. Thayer v. State,335 So.2d 815 (Fla. 1976); Dickinson v. Davis, 224 So.2d 262 (Fla. 1969); State ex rel. Hanbury v. Tunnicliff, 124 So. 279 (Fla. 1929).
The special act authorizes the board of trustees to provide law enforcement services and functions within the municipal service district supplemental to and in cooperation with law enforcement services provided by the county. If a statute imposes a duty on a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for the complete exercise of the performance of the duty that is not in violation of law or public policy. See, In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952); State ex rel. Martin v. Michell, 188 So.2d 684 (4 D.C.A.Fla., 1966), cert. discharged, 192 So.2d 281 (Fla. 1966); Peters v. Hansen,157 So.2d 103 (2 D.C.A.Fla., 1963). Although Ch. 82-375, Laws of Florida, in authorizing the provision of law enforcement personnel does not expressly designate such personnel as law enforcement officers or otherwise prescribe their authority (compare, s 240.268, F.S., authorizing each university to provide for "university police" who are declared to be law enforcement officers with the right to arrest), the employment of law enforcement officers would appear to be a necessary and proper exercise of the authority granted in the special act — the provision of supplemental law enforcement services within the district. To impose the duty of providing law enforcement services and functions without the necessary power of employing law enforcement officers would be tantamount to the imposition of no duty at all. Compare, Ch. 81-371, Laws of Florida, granting the Jacksonville Port Authority the authorization to appoint officers for the administration of criminal justice. See also, s 240.319(3)(k), F.S., granting the board of trustees of community colleges the authority to establish a policy for law enforcement operations and traffic control and the limitations of power specified therein. However, in light of the lack of specificity contained in the special act regarding this issue, the district may wish to seek clarification of its duties and responsibilities from the Legislature.
While I am of the opinion that the municipal service district under the terms of the special act is authorized to create a law enforcement program and employ law enforcement officers, any such program or employment of law enforcement personnel within the municipal service district must be supplemental to and in cooperation with the county which has continuing law enforcement duties and responsibilities in the district, as required by the special act. Section 2. (1). And finally, any law enforcement personnel employed by the municipal service district would have to comply with law enforcement employment qualifications and certification requirements pursuant to s 943.13, F.S. (1984 Supp.). See, s 943.10(1), F.S., defining "law enforcement officer" to mean "any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof, who is vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state." And see, s 943.10(7), F.S., defining "auxiliary law enforcement officer." Cf., s1.01(9), F.S., providing that in construing Florida Statutes and every word or phrase thereof where the context permits, the word "political subdivision" includes ". . . special tax school districts, special road and bridge districts, bridge districts and all other districts in this state." Provision should be made for any possible tort liability since the state on behalf of itself and other governmental agencies has to a limited extent waived its sovereign immunity. See, s 768.28, F.S.
It is therefore my conclusion that Ch. 82-375, Laws of Florida, authorizes the Board of Trustees of the Municipal Service District of Ponte Vedra Beach to create a law enforcement program and employ law enforcement personnel in cooperation with the county for the purpose of supplementing the provision of law enforcement duties and responsibilities by the county.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General