KOGAN, Justice,
dissenting.
Jurisdiction obviously exists on grounds that the opinion below affects a class of constitutional officers, the school boards of this state. See Florida State Board of Health v. Lewis, 149 So.2d 41, 43 (Fla.1963). The majority thus is declining jurisdiction as a matter of simple discretion, not because jurisdiction actually is lacking here. I disagree with the majority’s tacit conclusion that this ease is not sufficiently important to warrant review in this Court. I would grant review and would reverse the district court’s opinion based on the rationale of my dissent in State v. Florida Police Benevolent Association, Inc., 613 So.2d 415, 422-25 (Fla.1992).
To my mind, the actions of the school board in unilaterally underfunding the collective bargaining agreement are incompatible with the plain language of article I, section 6 of the Florida Constitution. I do not believe the school board can single-handedly ignore a duly negotiated labor agreement. At a minimum, the board should be required to take actions to ensure that the workers’ right to negotiate is meaningful, either by submitting the issue to arbitration or seeing that further negotiations as to money issues are conducted. This conclusion is all the more compelling here, in that the separation of powers question on which Police Benevolent Association hinged is absent in the context of a school board. See id. at 418-21 (majority opinion).
BARKETT, C.J., and SHAW, J., concur.