Dear Sheriff Gootee:
You have asked for my opinion on substantially the following question:
Does the Sheriff of Columbia County have the power to require and enforce the placement of a decal on the vehicle of a registered sexual offender or sexual predator?
In adopting "The Florida Sexual Predators Act," section 775.21, Florida Statutes, the Legislature clearly expressed its concern with the threat to society represented by sexual predators[1] and determined that community and public notification of the presence of sexual predators serves a compelling state interest.[2] As articulated in section 3(b) of the act,
 "[t]he high level of threat that a sexual predator presents to the public safety, and the long-term effects suffered by victims of sex offenses, provide the state with sufficient justification to implement a strategy that includes:
 * * *
 3. Requiring the registration of sexual predators, with a requirement that complete and accurate information be maintained and accessible for use by law enforcement authorities, communities, and the public.
 4. Providing for community and public notification concerning the presence of sexual predators.
 * * *
 (c) The state has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity, and there is sufficient justification for requiring sexual predators to register and for requiring community and public notification of the presence of sexual predators.
 (d) It is the purpose of the Legislature that, upon the court's written finding that an offender is a sexual predator, in order to protect the public, it is necessary that the sexual predator be registered with the [Department of Law Enforcement] and that members of the community and the public be notified of the sexual predator's presence. . . ."
The act also makes provision for community and public notification. Section 775.21(7), Florida Statutes, provides:
 "Law enforcement agencies must inform members of the community and the public of a sexual predator's presence. Upon notification of the presence of a sexual predator, the sheriff of the county or the chief of police of the municipality where the sexual predator establishes or maintains a permanent or temporary residence shall notify members of the community and the public of the presence of the sexual predator in a manner deemed appropriate by the sheriff or the chief of police. Within 48 hours after receiving notification of the presence of a sexual predator, the sheriff of the county or the chief of police of the municipality where the sexual predator temporarily or permanently resides shall notify each licensed day care center, elementary school, middle school, and high school within a 1-mile radius of the temporary or permanent residence of the sexual predator of the presence of the sexual predator. . . ."
The statute mandates that certain information be provided in community notification efforts:
 "Information provided to members of the community and the public regarding a sexual predator must include:
 1. The name of the sexual predator;
 2. A description of the sexual predator, including a photograph;
 3. The sexual predator's current address, including the name of the county or municipality if known;
 4. The circumstances of the sexual predator's offense or offenses; and
 5. Whether the victim of the sexual predator's offense or offenses was, at the time of the offense, a minor or an adult."[3]
The act also authorizes the sheriff to coordinate notification efforts with the Department of Law Enforcement (FDLE).[4]
In addition, FDLE is required to notify the public of all designated sexual predators through use of the Internet. This Internet notice must include all the information set out above. Finally, section 775.21, Florida Statutes, provides that "[t]he department shall adopt a protocol to assist law enforcement agencies in their efforts to notify the community and the public of the presence of sexual predators."[5]
Similar provisions for public and community notification of information relating to sexual offenders are contained in Chapter 944, Florida Statutes. In section 944.606, Florida Statutes, the Legislature states that these offenders
 "pose a high risk of engaging in sexual offenses even after being released from incarceration or commitment and that protection of the public from sexual offenders is a paramount governmental interest. Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Releasing sexual offender information to law enforcement agencies and to persons who request such information, and releasing such information to the public by a law enforcement agency or public agency, will further the governmental interests of public safety."[6]
In recognition of the risk to the public, the Legislature has required the Department of Corrections (DOC) to provide law enforcement agencies with information about sexual offenders such as hair and eye color, date and county of sentence, and a photograph and fingerprints of the offender.[7] Upon receiving information relating to a sexual offender from DOC, the sheriff "shall provide the information described in subparagraph (a)1. to any individual who requests such information and may release the information to the public in any manner deemed appropriate[.]"[8]
Thus, a number of statutes require the registration and tracking of sexual offenders and sexual predators. In addition, these statutes recognize the authority of a sheriff to maintain and disseminate certain information on these individuals within the communities where they reside.[9]
The sheriff is a constitutional officer and a county administrative officer whose powers and duties are prescribed by statute like other county administrative officers, and he possesses such authority as has been expressly granted by statute or is necessarily implied in order to carry out some function expressly imposed or authorized by statute.[10] The statutes discussed herein provide the sheriff with broad discretion in public notification efforts and recognize that the sheriff can provide information to the public on sexual offenders and sexual predators who may live and work in the community "in any manner deemed appropriate." Nothing in those statutes would bar the sheriff from developing a program whereby the sheriff's office places decals on the automobiles of sexual predators or sexual offenders to provide community notification of the presence of these individuals.
In sum, it is my opinion that the Sheriff of Columbia County is authorized to develop a program for community notification of the presence of a sexual predator or offender utilizing the placement of a decal on the vehicle of these offenders.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 775.21(3), Fla. Stat., providing the legislative findings and purpose and legislative intent for adoption of the act. And see s. 775.21(4), Fla. Stat., for sexual predator criteria.
[2] Section 775.21(3)(c), Fla. Stat.
[3] Section 775.21(7)(a), Fla. Stat.
[4] Section 775.21(7)(b), Fla. Stat.
[5] Section 775.21(7)(d), Fla. Stat.
[6] Section 944.606(2), Fla. Stat.
[7] See s. 944.606(3)(a)1., Fla. Stat., stating:
 "The department must provide: the sexual offender's name, any change in the offender's name by reason of marriage or other legal process, and any alias, if known; the correctional facility from which the sexual offender is released; the sexual offender's social security number, race, sex, date of birth, height, weight, and hair and eye color; date and county of sentence and each crime for which the offender was sentenced; a copy of the offender's fingerprints and a digitized photograph taken within 60 days before release; the date of release of the sexual offender; and the offender's intended residence address, if known. . . ."
[8] Section 944.606(3)(d), Fla. Stat.
[9] See Ops. Att'y Gen. Fla. 01-12 (2001) (community notification of sexual predators), and 97-09 (1997) (disclosure of sexual offender records).
[10] See, e.g., Ops. Att'y Gen. Fla. 05-48 (2005), 82-72 (1982), 81-89 (1981), 81-29 (1981), 79-17 (1979) and 78-151 (1978). See also, s. 5(c), Art. II, Fla. Const., which provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law" and s. 1(d), Art. VIII, Fla. Const. Cf., White v. Crandon, 156 So. 303 (Fla. 1934); Harvey v. Board of Public Instruction for the County ofSarasota, 133 So. 868 (Fla. 1931); Lang v. Walker, 35 So. 78
(Fla. 1903); and Buck v. McLean, 115 So. 2d 764 (Fla. 1st DCA 1959).