SEBRING, Justice.
The City of Miami is the owner of the Harbor House Yacht Basin and adjoining lands. On the property is a restaurant building which the City proposes to lease for five years to Bayshore Caterers, Inc., for an annual rental in excess of $5000. The sole question on this appeal is whether the City of Miami has authority to enter into such a lease without first advertising for and receiving bids and awarding the lease to the highest 'bidder.
The appellants contend that the matter is governed by Section 30, Chapter 2, of the Miami City Code, and that by the terms of this section advertising for bids in such transactions is required. The appellees maintain that when construed with other pertinent provisions of the Code, it is plain that Section 30 is not applicable to such a transaction.
Section 30 of the Miami City Code is a part of Ordinance No. 856 which, as enacted by the City of Miami, reads as follows :
“An Ordinance to Provide for the City Commission to Advertise for and Receive Bids for all Public Works and Purchases for the City in Excess of $1,000.00. Whereas, under Section 53 of the City Charter of the City of Miami, it is provided that all contracts for more than $1,000.00 shall be awarded to the lowest responsible bidder after public advertisement; and Whereas, it is the desire of the City Commission to receive bids for all contracts for public improvements or purchases in excess of $1,000.00 after public advertisement requiring and providing for competitive bidding;
“Now, therefore, be it ordained by the Commission of the City of Miami:
“Section 1. [Identical language of Section 29, Chapter 2, of the City Code] Advertisements When Contracts in Excess of $1,000.00.
“No contract for any public work or improvement for the City in excess of $1,000.00, or purchase of any kind or nature in excess of $1,500.00, shall be made or executed until competitive bids are first had and received after public advertisement and award of contract by the commission. •
“Section 2. [Identical language of Section 30, Chapter 2, of the City Code] Manner of Advertising: Contracts in Excess of $5,000.00.
“All contracts for more than $1,-000.00 and not more than $5,000.00, and purchases for more than $1,500.00 shall be advertised at least once in a news *927 paper of general circulation in the City, calling for sealed bids to be received 'by the City Commission on a date not earlier than five (5) days from the date of said publication; and all contracts and purchases for more than $5,000.00 shall be advertised at least once in a newspaper of general circulation in the City, calling for sealed bids to be received by the City Commission on a date not earlier than then (10) days from the date of said publication, and copies of such notices shall be posted in a conspicuous place in the City Hall, but all such advertisements shall contain a reservation that the City Manager shall have power to reject all such bids and advertise again.
“Section 3. [Repeals all prior ordinances inconsistent with the provisions of this Ordinance.]”
Section 53 of the City Charter, to which reference is made in Ordinance No. 856, reads as follows:
“Contracts for Public Works or Improvements.
“Any public work or improvement may be executed either by contract or by direct labor, as may be determined by the Commission. Before authorizing the direct execution of any work or improvement, detailed plans and estimates thereof shall be submitted to the Commission by the City Manager, and there shall be separate accounting as to each work or improvement so executed. All contracts for more than $1,000.00 shall be awarded to the lowest responsible bidder, after public advertisement and competition as may be prescribed by ordinance, but the City Manager shall have power to reject all bids and advertise again.
“All advertisements as to contracts shall contain a reservation of the foregoing rights. Contracts for public works shall be signed by the City Manager after approval thereof by the Commission.”
We think it is plain from the wording of Ordinance 856 that the legislative intent behind the enactment of the ordinance was to require competitive bidding where money is to be expended by the City for public improvements or purchases, but we find nothing therein to indicate that the ordinance was intended to apply to a situation involving a contract of lease of real property by the City in return for the payment of money into the City Treasury. Compare Cleary v. Dade County, 160 Fla. 892, 37 So.2d 248.
The decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.