ROBERTS, Chief Justice.
This is an appeal from a decree of the lower court validating $900,000 of bonds proposed to be issued by the County of Sarasota for the purpose of “enlarging and equipping the County hospital building now under construction in Sarasota County.” The hospital building presently under construction was financed by bonds in the amount of $750,000 issued under the authority of Chapter 27890, Laws of Florida, Special Acts of 1951; however, no special legislative authority was granted to the County to issue the additional $900,000 of bonds required to construct the addition necessary to provide adequate hospital services in the County; and the County pro *543 poses to issue such additional bonds under the general statutory authority granted to the counties of this state by Chapter 130, Florida Statutes, F.S.A. Both bond issues have received the overwhelming approval of the freeholders of Sarasota County, and the $750,000 issue has heretofore been validated. See State v. County of Sarasota, Fla., 62 So.2d 708.
It is contended on behalf of the State, appellant here, that a hospital is not a “public building” within the meaning of Section 130.01, Florida Statutes, F.S.A., which authorized counties to issue bonds “for the purpose of constructing paved, macadamized, or other hard-surfaced highways, or erecting a courthouse or jail, or other public buildings.” This contention cannot be sustained.
While it is true that the construction and operation of a hospital by a county is undertaken in the exercise of the county’s “proprietary” services to its citizens, as distinguished from its “governmental” functions, so that the county must respond in damages for the negligent operation thereof, Suwannee County Hospital Corp. v. Golden, Fla., 56 So.2d 911, a county hospital is nonetheless a public service; and, in fact, in providing such service for its people a county discharges the obligation imposed upon it by Section 3 of Article XIII of our Constitution, F.S.A., and Section 125.01, Florida Statutes, F.S.A., to care for the infirm and aged within the county. See Cleary v. Dade County, 160 Fla. 892, 37 So.2d 248, 251. A county hospital “serves a county purpose just as the acquisition of a right-of-way for a road or a bridge or the construction of a road or a bridge will serve a county purpose.”' State v. Florida State Improvement Commission, Fla., 60 So.2d 747.
We hold, then, that a county hospital is a “public building” within the meaning of Section 130.01, Florida Statutes, F.S.A., under the authority of which the county may issue bonds for the construction thereof, after an approving vote of the freeholders.
It is also contended that, even if the county is authorized under Section 130.01, supra, to issue bonds for the construction of a hospital, the general authority therein granted has been superseded and limited by the special legislative Act, Chapter 27890, supra, and that the County is not, therefore, authorized to issue bonds in an amount in excess of the $750,000 therein authorized. This contention is likewise without merit.
It goes without saying that repeals by implication are not favored; and we have said that “In order for court to declare that one statute impliedly repeals another, it must appear that there is positive repugnancy between the two, or that the last was clearly intended to prescribe the only governing rule, or that it revises the subject matter of the former.” Tamiami Trail Tours, Inc., v. City of Tampa, 159 Fla. 287, 31 So.2d 468, 471. There is no “positive repugnance” between the general and the special Acts. The special Act merely gave the County specific authority, for this one particular bond issue, to issue bonds differing as to interest and maturity from those authorized to be issued under the general Act, Chapter 130, Florida Statutes, F.S.A. And there is nothing in the special Act to indicate that the Legislature intended thereby to deprive the County of Sarasota of its powers under the general Act. Had the Legislature intended so to do, it could easily have included a provision to that effect.
The other question presented has been considered, and no error has been found.
The decree appealed from is, accordingly, affirmed.
TERRELL, MATHEWS and BUFORD, JJ., concur.