QUESTION: What effect does s. 28 of Ch. 73-334, Laws of Florida, have on the provisions of Ch. 73-106, Laws of Florida, which amended ss. 733.15 and 733.16(1), F.S., by reducing the number of publications of notice to creditors from four to two and reducing the time within which a creditor must file his claim against an estate from six months to four months?
SUMMARY: The provisions of s. 2 of Ch. 73-106, Laws of Florida, which amend ss. 733.15 and 733.16(1), F.S., by reducing from four to two the number of publications of notice to creditors and from six months to four months the period of time within which a creditor must file his claim against an estate, are neither repealed nor modified by Ch. 733.334, Laws of Florida. Chapter 73-106, Laws of Florida, as shown by its title and by the text of s. 2 of the act, was for the purpose, inter alia, of amending ss. 733.15 and 733.16(1), F.S., "to reduce the number of publications of notice to creditors and the time for filing claims." The effect of the act was to reduce from four to two the number of publications of notice to creditors and to reduce from six months to four months the period of time within which a creditor must file his claim. Subsequent to the enactment of Ch. 73-106, supra, the legislature enacted Ch. 73-334, Laws of Florida, which was a reviser's bill "relating to the state judiciary; amending various sections of the Florida Statutes by conforming their language to the terminology relating to courts and judicial officers contained in revised Article V of the state constitution." Section 28 of Ch. 73-334 amended ss. 733.15 and 733.16(1), F.S., by substituting references to the circuit court in place of references to the county judge. In so doing the text of the other provisions of the amended sections was included as required by Art. III, s. 6, of our State Constitution. In this respect, it is important to note that Ch. 73-334 was drafted and filed in the House of Representatives as House Bill No. 2069 on April 14, 1973, prior to the passage of Ch. 73-106, supra and, therefore, it necessarily reflected and amended the language of ss. 733.15 and 733.16(1) as it existed before it was amended by Ch. 73- 106. In the construction of statutes, the polar star which must be followed is the intent of the legislature. Ervin v. Peninsular Tel. Co.,53 So.2d 647 (Fla. 1951). As noted in AGO 074-15, it is clear that, in enacting Ch. 73-334, the legislature "intended merely to purify existing statutory law rather than change the substantive law on a particular subject. Cf. Jones v. Christina, 184 So.2d 181, 184
(Fla. 1966)." Moreover, Ch. 73-334 does not expressly repeal any part of Ch. 73-106, and the law does not favor repeals by implication. Parker v. Sarasota County, 74 So.2d 542 (Fla. 1954).
On the basis of the foregoing, I am of the view that Ch. 73-334, supra, neither impliedly nor expressly repeals Ch. 73-106, supra, in the respects here in question, as the sole purpose of Ch. 73-334 was to conform statutory language to the terminology contained in revised Article V of our State Constitution.