QUESTION: What effect does SB 81 [Ch. 74-376, Laws of Florida], enacted by the 1974 Legislature, have upon CS for HB 3909 [Ch. 74-302, Laws of Florida], also enacted by the 1974 Legislature?
SUMMARY: As the amendments to s. 121.071(1), F.S., made by SB 81 and CS for HB 3909 at the 1974 session of the Legislature must, under Ch. 74-153, Laws of Florida, be construed so as to give effect to each, there is no conflict between them sufficient to activate the governor's veto power. Each of the bills in question relates to the Florida Retirement System Act, Ch. 121, F.S. The bill already approved by you, CS for HB 3909, has the effect, among others, of creating a noncontributory retirement system for public employees and requires the public employer to contribute 9 percent of gross compensation each pay period for regular members and 13 percent of gross compensation each pay period for special risk members. Section 121.071, as amended. (Regular members are presently paying into the retirement system trust fund 4 percent and special risk members 6 percent each pay period.) The noncontributory retirement system will take effect as of January 1, 1975, for all state agencies, community college districts, and school districts, and as of October 1, 1975, for all other participating governmental units. The other bill, SB 81, also amends s. 121.071, as well as s. 121.091. The amendment to s.121.071 increases to 8 percent the contributions of special risk members into the retirement fund; and the amendment to s. 121.091
increases from 2 to 3 percent the credit to which special risk members are entitled for creditable years of special risk service after October 1, 1974, the effective date of the act. Both bills were passed on the final day of the session. As noted above, SB 81 has an effective date of October 1, 1974; and, for the purpose of establishing the noncontributory retirement system, CS for HB 3909 will go into effect on January 1, 1975, for state employees, and on October 1, 1975, for others. The only amendment made to subsection 121.071(1), F.S., by SB 81 was to increase the contributions of special risk employees from 6 to 8 percent; and the remainder of the subsection was carried forward unchanged in the amendatory act. Insofar as it may be interpreted as requiring regular and special risk members to continue to make retirement contributions after January 1 or October 1, 1975, as the case may be, it is in conflict with the provisions of CS for HB 3909, providing for a noncontributory system financed from public funds after those dates. (CS for HB 3909 did not amend subsection121.091[1]; thus, there is no conflict with this amendatory provision of SB 81, referred to above — although if the increase from 2 to 3 percent should prove to be actuarially unsound, there might be some inconsistency with subsection 121.091[10] [added by CS for HB 3909], expressing the legislative intent that future benefit increases "shall be financed concurrently by increased contributions or other adequate funding . . . .") However, it is a well-settled rule of statutory construction that repeals by implication are not favored. Parker v. Sarasota Co., 74 So.2d 542
(Fla. 1954). The courts favor construing conflicting statutes so as to harmonize, if possible, apparent conflicting statutory provisions so that each can have a reasonable field of operation. See Orlando Trans. Co. v. Florida Railroad and Public Utility Commission, 37 So.2d 321 (Fla. 1948); Palmquist v. Johnson,41 So.2d 313 (Fla. 1949); Markham v. Blount, 175 So.2d 526 (Fla. 1965). As noted above, both acts were passed on the same day; and it is noteworthy that one of the sponsors of CS for HB 3909 was instrumental in the passage of SB 81, having moved for the waiver of the rules so that SB 81 could be read for the third time by its title. See p. 1167, Journal of the House of Representatives, May 30, 1974. This rule of construction has a counterpart in Ch. 74-153, Laws of Florida (s. 1.04, F.S.), providing that acts passed at the same legislative session and amending the same statutory provision . . . are in pari materia, and full effect should be given to each, if that is possible. Language carried forward unchanged in one amendatory act, pursuant to s. 6, Article III, State Constitution, should not be read as conflicting with changed language contained in another act passed during the same session. Amendments enacted during the same session are in conflict with each other only to the extent that they cannot be given effect simultaneously. In accordance with this legislative mandate, I have the view that the amendatory acts should be construed as follows: The provisions of s. 121.071(1), supra, as amended by SB 81, should be given effect from its effective date, October 1, 1974, until the effective dates of the amendment in question effected by CS for HB 3909, namely, January 1, 1975, and October 1, 1975. As so construed, there is no conflict between the amendatory provisions in question and, therefore, no reason for the exercise of your veto power.