HENDRY, Judge.
The pivotal question to be addressed in this consolidated appeal is whether the City of Miami may lease its real property without competitive bidding, where the city expends no money for improvements on the land. The record reflects that the City of Miami leased certain of its real property at Dinner Key to Grove Key Marina, Inc. in March of 1973, and the lease was extended and modified in April of 1976.[1] In January of 1977 an addendum to the 1976 lease was executed authorizing Grove Key Marina to enter into a sublease with Grove Restaurant, Ltd.; the lease and sublease were further amended in January of 1979. The 1973 lease between the City and Grove Key Marina, Inc. had been executed as a result of competitive bidding procedures; there was no competitive bidding relating to the 1976 lease, the 1977 addendum, the sublease agreement or the 1979 amendments thereto.
Thereafter the plaintiffs/appellees, Albert H. Sakolsky, doing business as the Coconut Grove Hotel, David Hill and T.P.I. Corporation, a Florida corporation, filed a complaint for declaratory relief in the circuit court which, inter alia, raised the issue of whether all the lease agreements/extensions/modifications/addenda/amend-ments/sublease agreements executed subsequent to the March 1973 are null and void because they had been entered into without compliance with the competitive bidding procedures contained in the City of Miami Charter and the Code of the City of Miami. The trial court determined that said agreements were void, the final declaratory judgment states in pertinent part:[2]
“The January 31, 1977 Addendum to the Agreement of April 1, 1976 between the City and Grove Key as amended, and Sublease Agreement dated October 3, 1977, between Grove Key and Grove Restaurant, as amended, and any amendments thereto and assignments thereof or any building permits issued pursuant to such agreements, are hereby declared void.”
A reading of the Code, the City Charter. and relevant case law compels us to reverse *697 the trial court decision. We find the holding in Mahoney v. Givens, 64 So.2d 926 (Fla.1953), is dispositive of the issue. Although there have been changes in the provisions of the Code of the City of Miami since 1953-Section 2-30 (1945) and Section 16-21 (1975)-none. have been material, substantial changes.[3] And Section 2-29 (1940) was adopted without chañge as Section 16-22. The Mahoney court stated at 927:[4]
“[T]he legislative intent behind the enactment of the ordinance was to require competitive bidding where money is to be expended by the City for public improvements or purchases, but we find nothing therein to indicate that the ordinance was intended to apply to a situation involving a contract or lease of real property by the City in return for the payment of money into the City Treasury.”
Accordingly, the cause is reversed and remanded to the trial court to proceed in a manner consistent with the views herein expressed.
Reversed and remanded.

. This extension and modification was entered into after Grove Key Marina, Inc. made a presentation before the City Commission in January of 1976.

. The trial court reserved ruling on the legality or “voidability” of the April 1, 1976 agreement on the basis that after trial .on the matters Grove Key Marina, Inc. and Grove Restaurant, Ltd. represented to the court that they had defenses available to demonstrate that the April 1, 1976 agreement should not be considered void in its entirety.

. A comparison of these provisions reveals that the current sections contain an exception in public improvements under the City of Miami Charter, these improvements are for such as sewers and road improvements; the monetary amounts of Section 2-30 were increased; the provisions for “purchases” were deleted and treated in another, separate section; the exact language of Section 2-30 was recodified in Section 16-21.

. The Supreme Court of Florida, by this opinion, affirmed the decree of the Circuit Court of Dade County, where the original proceeding was to determine whether the City had authority to grant a lease of the City’s realty, containing a restaurant, for five years at an annual rental in excess of $5,000 without first advertising for and receiving bids and awarding the lease to the highest bidder; clearly, the Supreme Court held that competitive bidding was required only when the City expends money for “public improvements or purchases.” In the cause before our court, the cost of improvements on the subject leased realty has been borne by the lessees, pursuant to the lease agreements.