JORGENSON, Judge.
Dade County appeals a partial summary declaratory judgment wherein the trial court found that Dade County bears a legal and financial duty to provide post-emergency care to indigent residents of Dade County and to accept promptly from American Hospital such patients once their emergency medical condition has been stabilized.[1] *233 We have jurisdiction, see Fla.R.App.P. 9.130(a)(3)(C)(iv), and affirm.
Article XIII, section 3 of the 1885 Constitution of the State of Florida provides that “[t]he respective counties of the State shall provide in the manner prescribed by law, for those of the inhabitants who by reason of age, infirmity or misfortune, may have claims upon the aid and sympathy of society ... ,” see also Cleary v. Dade County, 160 Fla. 892, 897, 37 So.2d 248, 251 (1948) (Article XIII, section 3 of the 1885 Constitution gives Dade County “both the authority and the duty to care for the indigent, sick and poor in all of Dade County .... ”), and this constitutional requirement remains in full effect, albeit at a statutory level, by operation of article XII, section 10 of the 1968 Constitution of the State of Florida.[2] Section 154.302, Florida Statutes (1981), provides that “[i]t is the intent of the Legislature to place the ultimate financial obligation for the medical treatment of indigents on the county in which the indigent resides, for all those costs not fully reimbursed by other governmental programs or third-party payors.” See § 155.16, Fla. Stat. (1981).
Affirmed.

.The appealed partial summary judgment provides:
1. Plaintiffs motion for partial summary judgment is hereby granted on the grounds stated therein. The rights, status and relations of the parties are hereby declared and adjudicated to the extent prescribed herein.
2. Defendants own and operate Jackson Memorial Hospital, a county hospital financed by ad valorem taxes, federal and state funds. Defendants bear a legal duty and the financial responsibility to provide medical care for qualified indigent residents of Dade County.
3. Plaintiff owns and operates a private hospital which pays Dade County ad valorem taxes, and- which receives no tax funds or financial assistance from federal, state or local governments or agencies. The operation of the plaintiff hospital is dependent solely on revenues received from its patients or their insurers. Plaintiff bears no legal duty or financial responsibility to provide medical care for indigents, except to provide treatment for any emergency medical condition of indigents brought to the emergency room of the plaintiff hospital, as prescribed by § 395.0143, Fla. Stat. (Supp.1982), and § 401.45(1), Fla.Stat. (Supp.1982).
4.As between the parties to this action, defendants bear a legal duty and the financial responsibility to provide post-emergency care *233 to indigent residents of Dade County after their emergency medical condition has been stabilized, when determined by the attending physician, and to promptly accept from plaintiff the transfer of indigent patients whose emergency medical condition has been stabilized.
5. The Court retains jurisdiction to adjudicate the rights and liabilities of the parties in respect to the claims for supplemental relief asserted by plaintiff in its complaint, which are not adjudicated by this partial summary judgment.
6. The declaration of rights, status and relations herein made is applicable only to the parties herein under the circumstances presented in this case.

. Although section 11.2422, Florida Statutes (1981), repeals all statutes not included in Florida Statutes 1981, it expressly does not repeal statutes "recognized and continued in force by reference therein.” Florida Statutes 1981 includes the constitution, see § 11.242(4)(b), Fla. Stat. (1981), which contains the provision which recognizes and continues in force article XIII, section 3 of the 1885 Constitution.