**In re KEY WEST HAND PRINT FABRICS, INC., Debtor.**

**The CITY OF KEY WEST, FLORIDA, Appellant,**

v.

**KEY WEST HAND PRINT FABRICS, INC., Appellee.**

No. 87–10002–CIV–KING.

Bankruptcy No. 85–01967–BKC–AJC.

Adv. No. 86–0349–BKC–AJC–A.

United States District Court,
S.D. Florida,
Miami Division.

June 5, 1987.

Karl K. Hoffmann, Kimbrell & Hamann, P.A., Miami, Fla., for appellant.

Robert E. Venney, Shutts & Bowen, Miami, Fla., for appellee.

JAMES LAWRENCE KING, Chief Judge.

The City of Key West, Florida (the City), the plaintiff below, appeals the bankruptcy court's denial of its claim to terminate a lease between itself and debtor/defendant/appellee Key West Hand Print Fabrics, Inc. The City, as lessor, sought to terminate a lease of real property to Key West Hand Print Fabrics on the basis that the lease was void. The court agrees with the bankruptcy court that the lease should not be terminated.

## I. FACTS AND PROCEEDINGS BELOW

The bankruptcy court found that the lease agreement provided that Key West Hand Print Fabrics was to pay a yearly rental to the City as consideration for the lease. As further consideration, Key West Hand Print Fabrics was to construct a factory building on the site at a minimum cost of $75,000.00. The facility was constructed, and it remains on the property.

The lease agreement was entered into on December 15, 1965, and the lease commenced in 1967. The City did not advertise for bids at the time the lease was entered into. Pursuant to amendment of the lease, additional contiguous property was made accessible to Key West Hand Fabrics and the term was extended to May 31, 2020.

The bankruptcy court further found that Key West Hand Print Fabrics has continued to perform in accordance with the terms and conditions of the lease agreement, including payment of rent as required. The bankruptcy court has previously approved assumption of the lease pursuant to 11 U.S.C. § 365.

The bankruptcy court concluded that the Key West City Charter did not require competitive bidding prior to entry into the lease agreement with Key West Hand Fabrics and, alternatively, the City was estopped from challenging the validity of the lease.

## II. DISCUSSION

This appeal raises three issues: (1) Whether the lease between the City and Key West Hand Fabrics was void for failure of the City to advertise for competitive bids pursuant to the Key West City Charter and Fla.Stat. § 167.77; (2) Whether the City is estopped by its conduct from challenging the validity of the lease; and (3) Whether the bankruptcy court erred in holding that the lease was an asset of the debtor's estate to be sold and assigned pursuant to 11 U.S.C. §§ 363 and 365.

■ The bankruptcy court erred in concluding that the Key West City Charter did not require the city to seek competitive bids for its lease of real property. In reaching this conclusion, the bankruptcy court relied upon *Grove Key Marina v. Sakolsky*, 383 So.2d 695 (Fla. 3d DCA 1980). In *Grove Key Marina*, the court looked to the legislative history of a City of

Miami ordinance and concluded the Miami ordinance reviewed did not require competitive bidding for the lease of real property. That ordinance, quoted in *Mahoney v. Givens,* 64 So.2d 926 (Fla.1953), is significantly different from the Key West City Charter provision at issue here. The Miami ordinance discussed in *Grove Key Marina* addressed only contracts for public improvements or purchases. It did not address disposition of real property. In contrast, Key West City Charter Chapter A, Article I provides, in part, "The commission shall also have power to sell at public sale any and all real estate ... owned ... by the city...." Additionally, Fla.Stat. § 167.-77(1) provides that a municipality's lease of real property "shall be subject to the same conditions and approvals which may be required by existing charter provisions of the municipality or special acts applicable thereto for the sale of property by deed." Thus, unlike the Miami ordinance construed in *Grove Key Marina,* the Key West City Charter does contain a public sale requirement that applies to leases of real property, and reliance on *Grove Key Marina* was unjustified in this case.

When a city enters into a contract in a manner violative of its own city charter or ordinance, the contract is void. *Cook v. Navy Point,* 88 So.2d 532, 535 (Fla.1956). The court cannot determine upon this appeal if the lease agreement was void, because the bankruptcy court did not address this issue in light of the conclusion that the Key West City Charter does require a public sale.

Nevertheless, the court affirms the bankruptcy court's decision that the lease should not be terminated. As an alternative basis for its decision, the court properly concluded that the City was estopped from challenging the validity of the lease. Municipal corporations are subject to the defense of estoppel. *Hollywood Beach Hotel Co. v. City of Hollywood,* 329 So.2d 10 (Fla.1976).

■ The City recognized and performed under the lease agreement for twenty years, accepting rents paid and allowing the construction of a building at a cost of at least $75,000.00. Moreover, the City will continue to receive the benefits of the agreement even if the lease is terminated, because the building contructed by Key West Hand Fabrics would remain on the property. Under these circumstances, the City is estopped from challenging the validity of the lease agreement on the grounds that it failed to comply with its own charter provision. *Killearn Properties, Inc. v. City of Tallahassee,* 366 So.2d 172 (Fla. 1st DCA 1979).

In light of the conclusion that the City cannot terminate the lease, the court concludes that the trial court did not err in holding that the lease was an asset of the debtor's estate to be sold and assigned pursuant to 11 U.S.C. §§ 363 and 365.

### III. CONCLUSION

Although the bankruptcy court erroneously relied upon a case construing a Miami ordinance in concluding that the lease agreement was not void, the court affirms the bankruptcy court's decision that the lease should not be terminated, on the basis that the City is estopped from challenging the validity of the lease agreement.

AFFIRMED.