528 So.2d 1244 (1988)
CITY OF LYNN HAVEN, Appellant,
v.
BAY COUNTY COUNCIL OF REGISTERED ARCHITECTS, INC., Appellee.
No. BS-217.
District Court of Appeal of Florida, First District.
July 19, 1988.
Larry A. Bodiford of Hutto, Nabors & Bodiford, Panama City, for appellant.
J. Michael Huey and Susan Davis-Morley of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a trial court order permanently enjoining appellant, the City of Lynn Haven, Florida (the City), from awarding a construction contract and expending public funds for the project until the City has complied with Section 287.055, Florida Statutes. The issues *1245 on appeal are: (1) whether the appellee, Bay County Council of Registered Architects, Inc., a nonprofit corporation, has standing to challenge the process by which the City competitively bid the public safety building construction project; and (2) whether the City has to comply with the requirements of Section 287.055, Florida Statutes, before entering into a construction contract requiring architectural services.
The City decided to build a new public safety building using a prefabricated metal building with a cost in excess of $120,000. In preparation for the project, the City secured a set of blueprints from a private contractor and published notice to contractors inviting bids for construction of the building. The City furnished bid applicants with the instructions that the successful bidder would have to provide architectural drawings for the project as a condition precedent to obtaining a building permit. Pursuant to Chapter 481, Part I, Florida Statutes, an architect must sign and seal the plans before the City can issue a building permit.
The instructions further advised all bidders that the general conditions of the American Institute of Architects' standard contract would be incorporated into the contract awarded. These conditions provide that architects are responsible for the administration of the contract documents, determination of the contractor's right to payment, and general representation as agent of the project owner.
Appellee filed a complaint against the City seeking temporary and permanent injunctive relief. The complaint alleged that the City was attempting to circumvent Section 287.055, Florida Statutes, the Consultant's Competitive Negotiation Act (CCNA), by allowing the contractor with the low bid to select and hire an architect to prepare, sign, and seal the architectural drawings and direct the project.
Temporary injunction was granted on appellee's motion after hearing. The trial judge stated that the City was trying to establish a new format which, for all intents and purposes, could nullify the CCNA and that someone should have the right to contest the City's bidding process.
On February 11, 1987, the trial court held a final hearing. The parties agreed that there was no Florida case law on point regarding appellee's standing or the applicability of the CCNA.[1] The final order decreed as follows:
1) The Defendant, CITY OF LYNN HAVEN, is hereby permanently enjoined from awarding the above-described construction contract to any bidder and further from expending public funds for the construction of the public safety building project until such time as:
a) The Defendant publicly announces in a uniform and consistent manner that architectural services are required for the public safety construction project as required by Section 287.055(3); and
b) The Defendant competitively selects in order of preference no fewer than three architectural firms deemed to be the most highly qualified to perform architectural services for the public safety building construction project in accord with Section 287.055(4); and
c) The Defendant negotiates a contract with the most qualified architectural firm at a compensation which the Defendant determines to be fair, competitive, and reasonable in accord with Section 287.055(5).
The City asserts that appellee lacks standing to challenge its bidding process, relying on cases in which the plaintiffs allege standing based solely on their status as taxpayers, and failed to assert either special injury or constitutional challenge. *1246 North Broward Hospital District v. Fornes, 476 So.2d 154 (Fla. 1985); City of Atlantic Beach v. Bull, 476 So.2d 158 (Fla. 1985); Godheim v. City of Tampa, 426 So.2d 1084 (Fla. 2d DCA 1983). In the instant case, appellee, a nonprofit corporation, alleges a special injury which is common to its membership and is not shared by taxpayers in general. The special injury here occurs by virtue of the City's bidding procedure that deprives architects of the opportunity to submit their qualifications and to negotiate for the construction project. Thus, the City's interpretation of the CCNA, that it only applies when the City contracts directly for professional services, denies appellee's members the potential professional and economic benefits which would have resulted from selection as the project architect.
In Florida Medical Association v. Department of Professional Regulation, 426 So.2d 1112, 1116 (Fla. 1st DCA 1983), this court quoted Golden v. Biscayne Bay Yacht Club, 521 F.2d 344, 348 (5th Cir.1975), for the proposition that standing may be created by the Constitution or by statute. Section 287.001, Florida Statutes, states the legislative intent in establishing competitive negotiations for the procurement of services: an intent to further open competition which is a basic tenet of public procurement; to reduce the appearance and opportunity for favoritism; and to ensure that contracts are awarded equitably and economically. It is uncontested that if the City had directly contracted with an architect for professional services without complying with the CCNA, appellee's members could have challenged the contract as going beyond the City's statutory power. No valid basis appears for differentiating as to the standing requirements here, where the City attempts to do indirectly what it cannot do directly. We conclude that appellee's members have standing to assert that the City's actions have invaded a statutorily-created interest in competitive negotiations.
The argument that appellee lacks standing because appellee itself cannot competitively negotiate is also without merit. Florida Medical Association, Inc., supra; Florida Home Builders Association v. Department of Labor, 412 So.2d 351 (Fla. 1982); Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).
Appellee points out that the project falls within the language of the CCNA because the project requires the use of architectural services as defined by Section 481.203(6), Florida Statutes. The architect cannot "rubber-stamp" his name to the plans, Section 481.221(4), Florida Statutes (1985), but will have to "prepare" the plans and make changes necessary to conform to building codes. The architect will be the City's representative under the American Institute of Architects' General Conditions.
The CCNA specifically makes a number of specific exceptions, for example for projects costing $100,000 or less or involving reuse of plans from a prior project. There is no exception in the statute for projects where a prefabricated building is involved, and we find no basis for reading that into the statute.
We agree with appellee that the City's procedures contravene legislative intent and undermines the effectiveness of the CCNA. Specifically, the City's bidding procedure will not effectuate an equitable distribution of contracts among the most qualified firms pursuant to Section 287.055(4), Florida Statutes. Neither does it assure that the architectural fees which the City pays indirectly are fair, competitive, or reasonable pursuant to Section 287.055(5), Florida Statutes. The plain language of the CCNA requires the agency to "publicly announce, in a uniform and consistent manner, each occasion when professional services are required to be purchased for a project." § 287.055(3)(a), Fla. Stat. (Supp. 1986) (emphasis added).
AFFIRMED.
SMITH, C.J., and NIMMONS, J., concur.
NOTES
[1] Standing was not referred to in City of Jacksonville v. Reynolds, Smith & Hills, Engineers & Planners, Inc., 424 So.2d 63 (Fla. 1st DCA 1982), wherein this court entertained a suit initiated by engineers who challenged the validity of an ordinance as inconsistent with the CCNA, or in Miami Marinas Association, Inc. v. City of Miami, 408 So.2d 615 (Fla. 3d DCA 1982), wherein a profit-oriented corporation successfully challenged the award of a contract through competitive negotiations, rather than through the competitive bidding process, where neither the CCNA nor the city code included a waterfront property management contract among the defined professional services which may be obtained through competitive negotiations.