Ms. Jacqueline Williams Hubbard Fort Myers City Attorney Post Office Drawer 2217 Fort Myers, Florida 33902-2217
Dear Ms. Hubbard:
You have asked for my opinion on substantially the following question:
Does a contract for consultation work and the actual construction work that may be undertaken as a result of the consultation work constitute a "continuing contract" as defined in section287.055(2)(g), Florida Statutes, so that the work may be done by one engineering firm without the necessity of competitive advertisements and negotiations?
In sum:
Section 287.055(2)(g), Florida Statutes, authorizes an exemption from the competitive bidding requirements of the Consultants' Competitive Negotiation Act for either study activity for a fee of up to $25,000 or for work of a specified nature with no time limitation. Either of these activities may be the subject of a continuing contract but they may not be combined into one continuing contract.
According to your letter, the City of Fort Myers has received a study by an engineering firm indicating the necessity for $25,000,000 worth of construction costs for sewer replacement work. The city intends to repair and replace a substantial amount of the sewer system in accordance with this study and plans to divide this contract for construction work into approximately seven equal segments for completion. The City has drafted a contract for these construction services stating that it is for "on-going improvements to the sewer system." The contract may be terminated at will by the city and, according to the contract, the work to be performed "consists of on-going consultation, engineering, and planning of improvements to the City's sewer collection, transmission, treatment, and disposal system." You ask whether this may constitute a "continuing contract" for purposes of section 287.055(2)(g), Florida Statutes, so that the engineering firm that did the study for the city may also do the construction work without the necessity of competitive advertisements and negotiations.
The Consultants' Competitive Negotiation Act (CCNA), section287.055, Florida Statutes, sets forth requirements for the procurement and contracting of professional architectural, engineering, landscape architectural, or land surveying services[1] by governmental agencies.[2] Under the act, an agency, including a municipality, must competitively select and negotiate with the most qualified firm to provide these professional services for a project.[3] The statute also provides that "[n]othing in this act shall be construed to prohibit a continuing contract between a firm and an agency."[4]
A "continuing contract" is defined in s. 287.055(2)(g), Florida Statutes, as:
[A] contract for professional services entered into in accordance with all the procedures of this act between an agency and a firm whereby the firm provides professional services to the agency for projects in which construction costs do not exceed $500,000, for study activity when the fee for such professional service does not exceed $25,000, or for work of a specified nature as outlined in the contract required by the agency, with no time limitation except that the contract shall provide a termination clause.
While nothing in section 287.055, Florida Statutes, purports to regulate the terms of a continuing contract, the continuing contract provision of section 287.055, Florida Statutes, represents an exception to the general competitive bidding provisions of the Act and should be read narrowly and utilized sparingly in order to avoid an appearance of circumventing the requirements of the statute.[5]
By its terms, section 287.055(2)(g), Florida Statutes, distinguishes: 1) projects in which construction costs do not exceed $500,000; 2) a study activity when the fee for such service does not exceed $25,000; or 3) work of a specified nature as outlined in the contract with no time limitation except for a termination clause. The word "or" is generally construed in the disjunctive when it is used in a statute or rule and normally indicates that alternatives were intended.[6] Thus, the statute, when read narrowly, provides that each type of project may, in itself, be the subject of a "continuing contract," but a combination of these elements does not fall within the scope of the exception. Therefore, a study activity may not be combined with work of a specified nature pursuant to a contract with no time limitation and constitute a "continuing contract" although either may be the subject of such a contract independently.
Accordingly, it is my opinion that section 287.055(2)(g), Florida Statutes, authorizes an exemption from the competitive bidding and negotiation requirements of the act for either a study activity for a fee of up to $25,000 or for work of a specified nature with no time limitation. Either of these two activities may be the subject of a continuing contract but narrow reading of the exception would not permit the combination of these into one continuing contract.[7]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 287.055(2)(a), Fla. Stat. (1995), defining "[p]rofessional services."
[2] See, s. 287.055(2)(b), Fla. Stat. (1995), which defines "[a]gency" as "the state, a state agency, a municipality, a political subdivision, a school district or a school board."
[3] Sections 287.055(4) and (5), Fla. Stat. (1995).
[4] Section 287.055(4)(d), Fla. Stat. (1995).
[5] Cf., City of Lynn Haven v. Bay County Council of Registered Architects, Inc., 528 So.2d 1244, 1246 (Fla. 1st DCA 1988) in which the court determined that the City's procedures contravened the legislative intent and undermined the effectiveness of the CCNA. Specifically, the City's bidding procedure would not effectuate an equitable distribution of contracts among the most qualified firms pursuant to section 287.055(4), Florida Statutes.
[6] Sparkman v. McClure, 498 So.2d 892 (Fla. 1986). And see, Telophase Society of Florida, Inc. v. State Board of Funeral Directors and Embalmers, 334 So.2d 563, 564 (Fla. 1976) (word "or" when used in a statute is generally to be construed in the disjunctive); Kirksey v. State, 433 So.2d 1236, 1237 (Fla. 1st DCA 1983) (generally, use of disjunctive in statute indicates alternatives and requires that such alternatives be treated separately); Linkous v. Department of Professional Regulation,417 So.2d 802 (Fla. 5th DCA 1982).
[7] This office, in Attorney General's Opinion 93-56 (1993), concluded that the CCNA does not provide criteria for negotiating a contract for professional services under a continuing contract and a municipality may develop its own procedures for evaluating such a contract. Thus, if a municipality determines that it is appropriate to develop criteria for determining which firm under continuing contract with the city will be selected to perform a project, it may do so. Cf., Marriott Corporation v. Metropolitan Dade County, 383 So.2d 662, 663 (Fla. 3d DCA 1980), which recognizes that even under competitive bidding requirements contracts must be awarded as a function of the reasonable exercise of power by municipal governmental authorities as a matter of public policy and fidelity to the public trust; William A. Berbusse, Jr., Incorporated v. North Broward Hospital District,117 So.2d 550 (Fla. 2d DCA 1960) (where statute requires that public body award contracts to low bidder, proper municipal authorities have wide discretion in determination of lowest responsible bidder). However, the opinion suggests that it may be advisable for a city to adopt an ordinance or develop an administrative rule of procedure to insure that these criteria are applied uniformly to all continuing contracts into which the city enters.